HENRY FUNK vs. SUSANNAH HUGHES.—*December*, 1847.

In an action of trespass upon the case, brought by a reversioner against a trespasser, the defendant obtained a warrant of resurvey to locate the acts of trespass. At the trial the surveyor testified that certain *stars*, on the plats, were placed there by him as the surveyor, to show the stumps of the trees cut by the defendant, as admitted by the defendant to the said surveyor about two years before the survey. He also proved that he was not instructed by the plaintiff to locate any particular trees or stumps, but was merely directed in general terms to locate the trespass; that there was no witness on the survey sworn as to any trespass, or that pointed out the places where the trees were cut. The surveyor did not point out the places of trespass to the defendant on the ground; nor inform him that he intended to place on the plats those particular points as designating the trespass; and also testified that he placed them there to enable him to show with certainty the places where the trees had been cut down, should he be sworn on the trial. The explanations did not mention that the plaintiff complained of trespasses at such stars. *Held*, that the surveyor was not competent to prove the stars, as the places, where the trespass complained of had been admitted to him by the defendant.

Under issue joined in an action of trespass upon the plea of not guilty, the plaintiff may recover damages for any trespass by the defendant of the nature described in the declaration, and committed any where within the lines of the tract of land mentioned in it.

But where plats are deemed requisite, it is necessary for the plaintiff to locate correctly, not only the tract of land claimed, but the spot within the lines of such tract, whereon the trespass was committed, and of which the plaintiff complains, and to such spots his proof must be confined.

Places of trespass, of which the explanations are silent, cannot be proved.

In an action of *trespass q. c. f.*, or in any action where the location of land is necessary to elucidate the matters in controversy, the issuing of a warrant of resurvey will be ordered; and the surveys and locations to be made under it are for the most part the same with those which are made in an action of ejectment, except, that they are not pleadings in the cause. The issue is not joined on the plats, but the plats are used by way of evidence and illustration in the trial of the issues joined in the pleadings. PER DORSEY, J.

Funk *vs.* Hughes.—1847.

If the action be trespass, and the plaintiff intends to rest his right of recovery upon *possession*, he must locate it upon the plats, or he can give no evidence thereof; and he must also locate the place where the trespass was committed.

On the trial he will not be permitted to prove the trespass in any other place, nor in violation of any other part of his possession, than that located. *Ibid.*

If the defendant design to traverse the possession, and to prove the acts complained of, as committed in any other place than where the plaintiff has located them, he must make a counter-location of the plaintiff's possession, and locate the *locus in quo* as alleged by him, or he will be assumed to have admitted the possession as located by the defendant, and that the act complained of committed no where else. *Ibid.*

If the plaintiff rely upon *title* as the basis of his right to recover, the muniments of his title must be located upon the plats, with as much particularity as if the proceeding were an action of ejectment for the recovery of the land on which the trespass was committed. *Ibid.*

When a defendant desires to put a plaintiff upon proof of his locations, or disprove them, he must make a counter-location thereof. *Ibid.*

Where the defendant seeks to defend himself upon the ground that the title to the *locus in quo* is in some person other than the plaintiff, he must make upon the plats the locations necessary to let in proof of such a defence. *Ibid.*

It is a general rule, where a warrant of resurvey is issued, that all tracts of land, boundaries, possessions, lines, or *other objects*, of which a party proposes to offer testimony at the trial, should be shown to the surveyor by the witnesses to be examined at the trial, and be located on the plats. *Ibid.*

To maintain an action of trespass upon the case by a reversioner, it is incumbent on him to make the same location of his title to the land, on which he alleges the trespass to have been committed, that he would have been required to make had he been prosecuting an action of ejectment for the recovery thereof, in virtue of a possessory title thereto. *Ibid.*

It is to prevent surprise, that objects, of which it is designed to give evidence of their position where a warrant of resurvey has been issued, are required to be located on the plats. *Ibid.*

Where the *only* notice taken by the surveyor in his *explanations* of a trespass complained of, was as follows: "2 shows where the defendant had timber cut, and is the trespass complained of by the plaintiff;" and upon the *plats* were located *A.* and several stars not far from it, the explanations and plats being offered in evidence, it is not competent to prove by the surveyor on the trial that he located the trespass at *A.* and the stars near to it, as representing the stumps of the trees cut down, from his own knowledge. *Ibid.*

Such explanations are defective and insufficient as respects the stars, and the defendant had a right to regard them as unmeaning marks. *Ibid.*

The explanations of the surveyor should so refer to and describe the locations on the plats, as that their import may be understood by the parties in the cause. If they fail to do this, such locations are of no avail to the parties at whose instance they were made, and no evidence can be admitted to sustain them. *Ibid.*

The offering of proof to maintain such locations would be a surprise and preju-

dice to him against whom they were designed to operate; the explanations and plats giving to him no admonition to prepare for any such subject of contest. *Ibid.*

Witnesses examined on a survey are permitted to enlarge, confirm, or explain at the trial, their testimony given on such survey. *Ibid.*

The object of such examination is to enable the surveyor to locate upon the plats the several objects pointed out to him by the witnesses, that the parties by the explanations and plats may be notified of the matters in controversy, and that the testimony to be taken on the the trial may be the more easily understood, and applied to the subjects in controversy in the cause. *Ibid.*

The swearing of the witnesses on the survey is not intended for the benefit of the party against whom they are offered, and therefore he has no reason to complain of its omission. *Ibid.*

Witnesses sworn, or not sworn on the survey, must all be sworn on the trial, and may be there examined and cross-examined with perfect freedom,—*provided,* that when testifying on the subject of locations, their testimony be confined to such objects located on the plats, as were by them shown to the surveyor on the ground. *Ibid.*

The taking of depositions on the survey was designed to confer a contingent benefit on the party by whom the witnesses are produced. It is a rule of expedience, not of indispensable obligation, though it is usual. *Ibid.*

It is no ground for the rejection of a witness where a warrant of resurvey issues, that he was not sworn nor examined on the survey, nor that his evidence would be a surprise upon the party against whom it is offered. He can give evidence of no object not located on the plats, nor of any object not shewn by him to the surveyor. In relation to such located objects, he may give proof otherwise competent. *Ibid.*

No object located upon the plats can be established by the testimony of a witness, who has not upon the ground shown it to the surveyor. The time and occasion on which such showing takes place, is not essential to the validity of the location, or the admissibility of the evidence to sustain it, provided it takes place before the surveyor returns his plats to the court, and the location be intelligibly made thereon, and the requisite description thereof be given in the explanations. *Ibid.*

By explanations and plats in the cause, the parties are notified of the intention to examine a witness, and of the purpose *as respects mere locations,* for which he is to be examined. Proof of locations under such circumstances can work no surprise. *Ibid.*

It has been usual to examine the surveyor by whom the survey and plats were made, in relation to any matters occuring on the survey, or any locations intelligibly made upon the plats.

But when he undertakes to make locations resting on his own personal knowledge, not acquired by any thing transpiring on the survey, then the objects of which he is to give testimony should be as distinctly located, and the nature thereof, and the names of the witnesses, &c. by whom they are to be proven, be as fully disclosed by the explanations, as if the locations had been made upon the testimony of any sworn witness upon the survey.

APPEAL from *Washington* County Court.

This was an action of *trespass upon the case* brought on the 27th January, 1844, by the appellee against the appellant. The appellee declared for a reversionary interest in land leased out by her. The appellant was the owner of a mill below the demised premises, on a stream which flowed through both tracts, and increasing the height of his dam, forced the water out of its natural and customary channels back upon her estate, and flooded a spring and destroyed a ford across the stream. And also for cutting down divers trees upon her leased land, &c. The defendant pleaded not guilty.

A warrant of resurvey was issued to locate the acts of trespass, which was executed and returned with depositions, and a plat of the land, on which the letter "A." "showed where the defendant had timber cut, and is the trespass complained of by the plaintiff."

The plaintiff to support the issue on her part joined, under the pleadings in this case and the plats returned and filed, offered in evidence the last will and testament of *Robert Hughes*, deceased, to wit:

" I give and bequeath to my wife *Susannah* all my real and personal property during her life and widowhood, with full right to dispose of the same or any part thereof for the payment of my debts, or to any of my children, at an appraisement, so that each of my children shall enjoy and possess an equal share of my property, both real and personal. I leave my wife my sole executrix, in full confidence that she adjust and manage all matters relative thereto to the mutual advantage of my family. I empower my said wife to make all necessary conveyances to carry my said will into effect."

It being admitted that he died about the year 1829, without having revoked or altered the same, and that the plaintiff is the widow of said testator.

The plaintiff then offered to prove by *Marmaduke W. Boyd*, the surveyor of *Washington* county, that about two years ago, he was standing near the place marked A. on the plats, between the letters I. and J. with the defendant; that certain trees, some

six or eight, were cut down, and the tops of them were then in their view, not yet cut up or removed, and the timber looked as if it had not been cut more than six or eight months before, and that the defendant admitted to him that he had had the said trees cut down. He did not point out any particular trees or stumps, but admitted generally that he had had the trees, the stumps of which were then in their view, cut down. That in the recent survey made in this case, when the defendant was present, he denied to the witness that he had had said trees cut down. That witness further proved, that when he was making said survey, as shewn by the plats, he was not instructed by the plaintiff or her counsel, to locate any particular trees or stumps of trees as the trespass complained of, but merely directed in general terms to locate the trespass; *that there was no witness on the survey sworn as to any trespass;* or that pointed out to him the places where the trees were cut; or swore to any place or places where the defendant had cut any trees or committed any trespass. That the stars on the plats, around, near the letter A. were placed there by him, *as the surveyor,* to show the stumps of the trees cut by the defendant, as admitted to him by the witness, by the defendant two years before, as hereinbefore stated, but that *he was not sworn on said survey as a witness, nor did he in the presence of said defendant or his counsel, point out said places on the ground as a witness,* as the places where the said trespass complained of was committed, nor did he inform the defendant or his counsel that he, the witness, intended to place on the plats those particular points as designating the trespass, nor does he know that either the defendant or his counsel knew that he had made any running, or taken any measurements or bearings for the purpose of designating said points on the plats, *but that he did the same to enable him to shew with certainty the places where said trees had been cut down, should he be sworn and examined for that purpose on the trial in open court.*

The defendant by his counsel objected to the competency of said witness to point out to the jury the crosses, stars or spots so placed by him on said plats, as the places where the said

trespass complained of was committed by the defendant, as admitted by the defendant to the witness two years before said survey, as hereinbefore stated, on the ground that the said witness had not been sworn as such on said survey, and had not been examined on the ground as to said places; nor had he, as a witness sworn and examined on the ground, pointed out said places in the presence of the defendant or his counsel, nor had the defendant or his counsel any notice that he was to be a witness for any such purpose, or had they any opportunity to cross-examine him in relation to the same, on the ground and at the places designated; that although the said *Boyd* was on the ground at the time of the survey, he was not there as a witness, or sworn or examined as such, but was there merely in his capacity as the surveyor of *Washington* county, for the purpose, and only for the purpose, of executing said survey under the warrant issued, to him directed as such surveyor; and that as there was no witness offered, produced or sworn on the ground, or examined at the place or places of the trespass complained of, or that there was any trespass committed by the defendant on the land of the plaintiff, that it would be a surprise on the defendant now to permit said *Boyd* to point out and show to the jury the said stars or marks on the plats as the places to which his testimony as to said admissions by the defendant to him was to apply, and to be considered as located on said plats, that said *Boyd*, though the surveyor of the county could not be used by the plaintiff as a witness to prove the place or places where said trespass complained of was committed, or point the same out to the jury on said plats, unless, like any other witness, he had been sworn on the ground as a witness, and as such witness had on the ground pointed out and designated in the presence of the parties, plaintiff and defendant or their counsel, the said places or points as the places where the said trees were cut down and said trespass complained of was committed, and so that the defendant or his counsel might have had the opportunity of cross-examining such witness on the ground in relation thereto.  But the court (MARTIN, C. J., BUCHANAN and MARSHALL, A. J.,) was of

opinion that said *Boyd* was a competent witness for the purpose aforesaid, overruled the said objections and suffered his said testimony to go to the jury as legal and competent evidence for the plaintiff to prove the trespass and the places where the same was committed, to which opinion of the court and their admission of said testimony so objected to by the defendant, he, the defendant, excepted.

The verdict being for the plaintiff, the defendant prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE and MAGRUDER, J.

By F. A. SCHLEY for the appellant, and

By ROMAN and PRICE for the appellee.

DORSEY, J., delivered his opinion as follows:

In an action of trespass *quare clausum fregit*, or in any action where the location of land is necessary to elucidate the matters in controversy, the issuing of a warrant of resurvey, on the application of either plaintiff or defendant, will be ordered by the court, and the surveys and locations to be made under the warrant are, for the most part, the same with those which are made in an action of ejectment, except that they are not the pleadings in the cause; the issue is not joined on the plats; but the plats are used by way of evidence and illustration in the trial before the jury, of the issues joined in the pleadings in the cause. And they, in a great degree, control and limit the proof to be offered by the parties; as much so, perhaps, as if the issues were joined thereon, and they had formed a part of the pleadings in the cause.

If the action be trespass, and the plaintiff intends to rest his right of recovery upon his *possession* of the land, on which the alleged trespass was committed, he must locate upon the plats his possession, or he can give no evidence thereof; and he must locate also the place where the trespass was committed; and on the trial, he will be permitted to prove the

trespass in no other place, and in violation of no other of his possessions, than that located on the plats. If the defendant design to traverse the *possession*, and to prove the acts complained of as committed in any other place than where the plaintiff has located it, he must make a counter-location of the plaintiff's possession, and locate the *locus in quo* as alleged by him, or he will be assumed to have admitted the possession as located by the plaintiff, and that the act complained of was committed no where else, and then the only question left open for proof before the jury, is the fact of the trespass as alleged.

If the plaintiff rely upon his title to the *locus in quo*, as the basis of his right to recover, the muniments of his title must be located upon the plats, with as much particularity as if the proceeding were an action of ejectment for the recovery of the land on which the trespass was committed. To this necessity he is driven by the issuing of the warrant of resurvey, which precludes him from offering evidence of any other title than that located upon the plats. Should the defendant desire to put the plaintiff upon the proof of his locations, or to disprove them, he must make a counter-location thereof. And should the defendant seek to defend himself upon the ground that the *title* to the *locus in quo* is in some person other than the plaintiff, he must make upon the plats the locations necessary to let in the proof of such a defence.

The plats are substituted for the view in *England;* and it is a general rule, that all tracts of land, boundaries, possessions, lines, or other objects, of which a party proposes to offer testimony at the trial, should be located on the plats, and shown to the surveyor by the witnesses to be examined at the trial, to sustain them. Such locations are required, that the opposite party may be apprised of the several matters on which testimony may be adduced, and that the testimony on the trial in relation to them, may be understood by the court and jury, and applied to the plats, with the aid of the surveyor, or his explanations accompanying the plats. By such a requisition as to locations, the parties are never taken by surprise by the introduction of new subjects of controversy, of which they had no

previous monition, and therefore could not be expected to have come prepared with the appropriate testimony to meet the questions for litigation incident thereto.

To maintain the present action, it is incumbent upon the plaintiff to make, upon the plats in the cause, the same location of his title to the lands, on which he alleges the trespass to have been committed, that he would have been required to make, had he been prosecuting an action of ejectment for the recovery thereof, in virtue of a possessory title thereto.

The only notice taken by the surveyor in his explanations (accompanying his plats) of the trespass complained of in the third count of the plaintiff's declaration, was as follows: "2 shews where the defendant had timber cut, and is the trespass complained of by the plaintiff." Upon the plats A. was located and several stars were also located not far therefrom.

The plats and explanations being in evidence before the jury, the plaintiff " then offered to prove by the surveyor who executed the warrant of resurvey and returned the plats in this case, that he was directed by the plaintiff to locate the trespass complained of in the third count of the plaintiff's declaration, as to the felling and cutting down trees; that no witness was before him who pointed out to him where the trespass was committed; or the stumps of the trees cut down marked on the plats by the stars near to A.; that he located the trespass at A. and the stars near to it as representing the stumps of the trees cut down from his own knowledge; the defendant himself, about two years before, whilst he and the witness were standing at or near where he has located the trespass and the stumps, having admitted that he had the trees cut down." The witness stated that he was not sworn on the survey as a witness, nor did he in the presence of the defendant or his counsel, point out the places where the trespass was committed, or inform the defendant or his counsel that he intended to make such locations of the trespass, or had made any running or measurement for that purpose; but that he made the said locations as to the said trespass, that he might be enabled to show with certainty the places where said trees had been cut

down, should he be sworn and examined for that purpose on the trial.

To the testimony thus offered, the defendant objected on the ground that the witness had not been sworn on the survey, and had not when sworn and examined on the ground, pointed out the place where the trespass was committed, in the presence of the defendant or his counsel; nor had the defendant or his counsel any notice that he was to be a witness for any such purpose, or had they any opportunity to cross-examine him on the ground and places designated; that although the surveyor was on the ground at the time of the survey, he was not there as a witness, or sworn or examined as such; that the said surveyor could not be used as a witness by the plaintiff to prove the place where the trespass was committed, or point out the same to the jury, unless like any other witness, he had been sworn on the ground as a witness, and pointed out in the presence of the parties, plaintiff and defendant, or their counsel, the place where the trees were cut down and the trespass committed, so that the defendant or his counsel might have had an opportunity of cross-examining the witness.

As well from the arguments of the counsel in this cause, as from his reasons assigned for the rejection of the testimony offered in the court below, it is manifest that the principles which control the admissibility (on the trial) of the testimony of witnesses, offered to prove or disprove locations made upon the plats, are not properly understood. The learned judge, who delivered the opinion of this court in the case of *Mundell vs. Perry*, 2 *Gill & John.* 205, (an action of trespass *quare clausum fregit*) states with his usual perspicuity, "that the object and intention of introducing plats in the cause, is to give certainty to the claim and defence, and to apprise the parties that the locations of other lands are to be used to illustrate and support the locations of those under which they claim title. It is to prevent surprise, and therefore, it has been the uniform practice of courts to reject evidence as to any object, unless it is located on the plats."

In *Carroll vs. Norwood*, 1 *H. & J.* 177, a witness who had been examined on the survey, and who gave testimony as to a line of fence and its termini, which were located upon the plats, was at the trial called as a witness to prove that a gum tree marked as a boundary stood in the line of said fence, near one of its termini. The testimony being objected to, the court in its opinion delivered by Chase, C. J., say, "that inasmuch as the gum tree, or the place where it stood, is not located on the plats, the evidence offered is inadmissible, and cannot legally be received." And a similar principle was determined in the same case in page 183, and in other cases, to which it is unnecessary to refer in support of so familiar a proposition.

The explanations of the surveyor should so refer to and describe the locations on the plats, as that their import may be understood by the parties in the cause. If they fail to do this, such locations are of no avail to the parties at whose instance they were made, and no evidence could be admitted to sustain them. Were it otherwise, the offering of proof to maintain such locations, would be a surprise and prejudice to him against whom they were designed to operate. The plats and explanations giving to him, no admonition to prepare for any such subject of contestation. The object sought to be attained by the production and examination of the witnesses on the survey, was not to notify the opposite party of the number of the witnesses and the precise nature of the testimony which his opponent would array against him on the trial. If it were so, the witnesses would not be permitted to enlarge, confirm or explain their testimony given on the survey. Nor could the surveyor even receive the title papers of the party, with instructions to locate them, unless publicly delivered to the surveyor at the time of the survey. The object of such examination of the witnesses is to enable the surveyor to locate upon the plats the *several objects* pointed out or shown to him by the witnesses, that the parties, by the plats and explanations may be notified of the matters in controversy, and that the testimony to be taken on the trial may be the more easily understood, and applied to the subjects in controversy in the cause.

Nor is the swearing of the witnesses on the survey intended for the benefit of the party against whom they are offered; and therefore, he has no reason to complain of its omission; he sustains no injury thereby. Sworn or not sworn on the survey, they must all be sworn on the trial, and may be examined and cross-examined with perfect freedom, unrestricted by any thing to which they may have deposed on the survey, provided, that when testifying on such subjects their testimony be confined to such objects located on the plats, as were by them shown to the surveyor on the ground. The taking of the depositions of the witnesses on the survey was designed to confer a contingent benefit on the party by whom the witnesses are produced.

In the language of Judge EARLE, who delivered the opinion of the court in *Stoddert vs. Manning*, 2 *Har. & Gill*, 158, " the usual course is to examine a witness on the survey, and to take his deposition *de bene esse;*" that is, the depositions are taken on the survey, to be read in evidence on the trial, in case of the death of the witness, of his becoming mentally or physically incapacitated to testify at the trial, of his removal out of the State, of his being convict of some crime which would disqualify him as a witness, or if from any uncontrollable cause his testimony at the trial could not be procured.

As stated by Judge EARLE, the usual course is to examine the witnesses on the survey; but as the language of the Judge clearly imports, it is a rule of expedience, not of indispensable obligation. And this interpretation thus given to this rule or course of examining witnesses on the survey, is still more apparent by what the court in its opinion subsequently said. " By *Thomas Burgess* being on the ground at the time of the survey, at the boundary *B.*, when he was called upon to give evidence, no mistake can arise as to the place at which he was required to prove the boundary, and his testimony on the trial can be as well understood, as if it was a repetition of what he had previously sworn in the country. Nor can we perceive that the offer to swear him could produce any surprise on the opposite party, as the intention to make him a witness to a particular and designated boundary, was explicitly avowed on

the execution of the warrant. For these reasons we are of opinion, that his testimony, on the trial, ought not to have been rejected on the ground that he was not a sworn witness on the resurvey." " *Thomas Burgess* declined to give evidence of the boundary B.; although in the execution of the warrant of resurvey, he was at the place where it stands, and was called upon by the plaintiff to testify in relation to it."

The rationale of the rule requiring the examination of witnesses on the survey, is, in this opinion of the court, plainly disclosed. Having decided that *Thomas Burgess*, the witness, whose testimony was rejected by the court below, was a competent witness for the purpose for which he was offered, the Court of Appeals proceeds to state the grounds upon which their decision is founded. That the witness "being on the ground at the time of the survey at the boundary B., where he was called upon to give evidence, no mistake can arise as to the place at which he was required to prove the boundary; and his testimony, on the trial, can be as well understood as if it was a repetition of what he had previously sworn in the country."

We have before shown, that it is no ground for the rejection of a witness, that he was not sworn on the survey. Is it of itself a sufficient reason for rejecting his testimony—that he was not examined on the survey, is the next inquiry. If the witness, when sworn on the trial, could state no fact that was not contained in his deposition on the survey; or in other words, could make no statement of facts but that made by him, on his examination on the survey, it would follow as a corollary, that a witness not examined on the survey was incompetent to testify on the trial, because the parties would otherwise be deprived of the opportunity of examining and cross-examining the witness. But there is no such restriction imposed upon the examination of a witness at the trial. The only restriction is, that he can give evidence of *no object* not located on the plats, and by him shown to the surveyor. But in relation to such *located objects* he may, on the trial, prove he has heard both plaintiff and defendant fifty times admit, whilst standing at those objects, that they were what he represents

them to be; that he has seen fifty surveyors, fifty years before, and at different times, running from those objects, as what he represents them; and has been shown them by a hundred old persons then deceased, as the objects he, to the surveyor, has represented them to be. And such testimony he may give on the trial, although in his deposition or in his examination on the ground upon the survey, he may never have disclosed any other fact of which he testifies, than pointing out to the surveyor the objects and their character, of what the surveyor subsequently locates upon the plats, and describes in his explanations.

Unless it be on the ground of surprise it is manifest, as well from reason and principle, as from the court's opinion in *Stoddert vs. Manning*, that neither the swearing nor examination of a witness on the ground, and upon the survey, is an imperative requisition to the competency of a witness to testify as to locations upon the plats. No object located upon the plats can be established by the testimony of a witness, who has not upon the ground shown it to the surveyor. But the time and occasion on which such showing takes place is not essential to the validity of the location, or the admissibility of the evidence to sustain it; provided it take place before the surveyor returns his plats to the court, and the location be intelligibly made thereon; and the requisite description thereof be given in the explanations accompanying the plats. And this view of the subject is strengthened by the decision of this court, on the fourth bill of exceptions in the case of *Stoddert vs. Manning*, where it is said: the " court below certainly erred in admitting to the jury the evidence mentioned in the fourth bill of exceptions. *Giles G. Craycroft* was not on the survey, and did not show to the surveyor the division line, designated by the letters I. K. on the plats, and his testimony in reference to it ought not to have been laid before the jury." The court thus clearly intimate that to exclude the evidence offered, two things were necessary: that the witness had not attended the survey, and had not shown to the surveyor the division line. The inference from which is, that had the witness shown the division line to the surveyor, he would have

been a competent witness to prove it; although it had been shown before or after the survey.

What is the object sought to be obtained by requiring a witness to show, upon the ground, to the surveyor those boundaries, lines, fences, enclosures, places of the trespass, &c., of which the witness, on the trial, is intended to give evidence? It is that the surveyor may so locate them upon the plats, and describe them in his explanations, that they may be intelligible to the court, the jury, and the parties; so that they may readily understand, and apply to them the testimony of the witness when given on the trial. Can it be of the slightest importance to the accomplishment of such object, whether the showing to the surveyor was at the time of the survey, or at any subsequent time? Assuredly not. Suppose for example sake, a witness by some controlling necessity was prevented from sooner attending, and did not reach the ground until half an hour after the survey had been closed: the sheriff and parties having retired; but the surveyor, chain and pole-carriers should for any cause (and many might be stated) have remained on the ground, and the witness thus arriving should show to the surveyor a boundary already pointed out by other witnesses; and also another not shown by any other witness: and the surveyor were to make the same locations on the plats, and the same explanations, that he would have made, had the witness been sworn and examined on the survey, except that he appeared upon the ground half an hour after the closing of the survey; and the case were on trial before the court and jury, would the testimony of the witness, under such circumstances, be rejected? If it would there is no truth in the legal axiom— "that the reason of the law is the life of the law."

Ought the testimony of such a witness to be rejected, on the ground, that its reception at the trial would be a surprise upon the party against whom it is offered, is the next question to be considered. By the plats and explanations in the cause, the parties are notified of the intention to examine the witness, and of the purpose as respects mere locations for which he is to be examined; and it would be an unmerited reproach

upon the profession, an imputation of gross direliction of professional duty, to doubt that the counsel on both sides had made themselves acquainted with the plats and explanations in the cause before the jury were sworn. How then could the admission of such evidence on the trial be regarded as a surprise upon the party against whom it is offered, or unjustly prejudice his rights? He was by the plats and explanations in the cause fully apprised of its existence, and of the intention to offer it in proof to the jury; he knew that the court, on his application, would unhesitatingly have granted him a continuance of the cause, with leave to add to, and amend the plats, if he had desired it, for the purpose of showing the incompetency of the witness, by locating his possession of, or title to, any lands, which proved his imcompetency; or for the purpose of counter-locating any location made by the surveyor, upon the showing of the witness. If neglecting to pursue a course so obviously reasonable and just, a party were to go to trial, with no colour of truth or justice could he ask a rejection of the testimony on the ground of surprise; and with much more propriety might the party offering the testimony insist, that the rejection thereof, would be a fraudulent surprise practised upon him.

Some confusion on such subjects, as that now under consideration, has resulted from the inartificial manner in which objections have been raised to the competency of witnesses to give evidence as to locations upon plats. And this inaccuracy in propounding such objections, has arisen from the fact that it is the usual course to swear and examine all witnesses *attending* on the survey, on whose testimony locations have been made on the plats. And that from the surveyor's rarely, if ever, being upon the ground, at any other time than whilst making the survey, no locations could have been made by him, but upon the showing of witnesses sworn and examined upon the survey. It is, therefore, not unusual where a witness, who has not been sworn, examined, or in attendance on the survey, and has never shown on the ground to the surveyor, any object located on the plats, is offered to prove such a location, to object to his testimony "because he was not sworn on the survey, or

because he was not examined on the survey;" for the court to rule good the objection, without any distinct consideration of the questions, whether the objection was sustainable because the witness was not sworn on the survey? or because the witness was not examined on the survey? or because the witness had not shown upon the ground the object located on the plats, as to which the witness was offered to testify? That neither of the *two first grounds* are sufficient to exclude the testimony, it has been, it is believed, sufficiently shown in the preceding part of this opinion; that the *last ground* is an unanswerable objection to the admissibility of the testimony nobody can doubt.

The views hereinbefore expressed appear to derive support from the decision of this court, in the case of *Wall vs. Forbes,* 1 *Har. & Gill,* 444, where it is said: "as a general rule, a person who has neither been examined upon, nor attended a survey, is not a competent witness to give evidence at the trial of a cause, in relation to the locations made upon the plats; and we can perceive nothing set out in the bill of exceptions, to take this case out of the rule."

But suppose it had appeared to the court, that the witness though not examined upon the survey, nor an attendant upon it, had, with a view of giving testimony in the cause, been upon the ground with the surveyor, and pointed out to him the objects to be located on the plats, in regard to which he was to be examined on the trial; and that these facts as plainly appeared upon the plats and explanations, and were thereby as fully made known to the parties as if the witness had been sworn and examined upon the survey. Is it not manifest from the court's opinion in *Wall vs. Forbes,* that it would have admitted the testimony? that the court would have perceived something in the bill of exceptions to take such a case out of the rule. If such a statement of facts, in a bill of exceptions, would not take a case without the rule, upon the principles on which plats and explanations have been resorted to in the trial of land causes, it would be most difficult to conceive, what statement of facts would have that effect. It certainly furnishes much

stronger ground for an exception to the rule than that recognized as such in *Stoddert vs. Manning.*

Nor is the principle contended for obnoxious to the objections suggested to it, that it would tend to enhance the costs, and delay the time of the trial of the cause. Its adoption could lead to no such result. The same delay and costs would be produced by a continuance on the suggestion of the defendant, that would follow its continuance on the suggestion of the plaintiff. If then, to sustain locations made on the showing of a witness not examined on the survey, the testimony of the witness were inadmissible, the party offering him must resort to a continuance of the cause, as the only means of obtaining his testimony: and in that case, precisely the same delay and expense would be encountered, that would ensue, had the testimony been admitted, and the continuance been granted, at the instance of the opposite party. But suppose as might most frequently happen, that the testimony of the witness, though important to the party offering it, if admitted, should require no other or counter-location by the party against whom it is adduced. What then would be the result of its rejection? The answer is obvious. The parties would be unnecessarily subjected to the costs and delay incident to the continuance of their cause. So far, therefore, from augmented costs and delay resulting from the doctrine sought to be maintained, such a result cannot be produced by it; and its manifest probable tendency is to diminish both the time and costs of the litigation.

That a witness may be competent to give evidence as to locations on plats, without his being either sworn or examined upon the survey, is distinctly announced in the opinion of this court, in the case of *Wall vs. Forbes.*

What has been already said disposes of the objections (multiplied and presented in so many various aspects,) to the admissibility of the evidence offered by the witness, because he was not sworn on the survey; because he was not examined on the survey; because he did not point out the spot where the trespass was committed, in the presence of the appellee or his counsel, &c. &c.

It has been usual, it is believed, from the time of the introduction of plats, on the trial of land cases in courts of law, down to the present period, to examine, when offered by either party, the surveyor, by whom the survey and plats were made, in relation to any matters occurring on the survey, or any locations intelligibly made upon the plats; and his examination has taken place without reference to the fact of his being sworn or examined on the survey, or anything appearing in the plats and explanations in relation to the testimony, he might be called upon to give. But where he undertakes to make locations, resting on his own personal knowledge, not acquired by anything transpiring on the survey, expediency as well as justice requires *that the objects* of which he is to give testimony should be as distinctly located upon the plats, and the nature thereof and the name of the witness, &c. by whom they are to be proven, be as fully disclosed by the explanations, as if the locations had been made upon the testimony of any sworn witness upon the survey. By such particularity and fulness of description, the parties have ample opportunity of guarding against surprise, and of using every means in their power of defending themselves against the evidence thus about to be offered.

Thus far, the proffered testimony of the surveyor has been spoken of, as if a proper foundation for its introduction had been laid in the plats and explanations in the cause. But in this respect, the explanations returned with the plats are wholly defective and insufficient. The asterisks located upon the plats, and which the surveyor now offers to prove as the spots where the trespass complained of was committed, upon the face of the plats are unintelligible; and the defendant in the court below had a right to regard them as unmeaning marks, indicating nothing. In the explanations returned by the surveyor, no mention is made of them. Therefore they form no basis for the offering of testimony to explain or support them. Upon the issuing of the warrant of resurvey, it was incumbent on the plaintiff below to locate the trespass, and having, in effect, wholly failed to do so, he is not permitted to offer evi-

dence thereof, or to recover damages therefor. For being placed in this predicament, the plaintiff has nobody to blame but himself. It was his duty to see that the trespass was properly located and described in the plats and explanations; a knowledge whereof must to him be imputed. Having failed to do this, the natural consequences of his neglect should be visited only upon himself. As a conclusive authority upon this branch of the case before us, see the case of *Mundell vs. Perry*, 2 *Gill & Johnson*, 204.

Of the location of the trespass at A. no proof was attempted to be offered.

In admitting the testimony of the surveyor to explain and support the locations of the stars on the plats, I think the county court erred, and therefore its judgment should be reversed. A procedendo should issue.

MAGRUDER, J., delivered the opinion of this court.

We think that the court below erred, in admitting the testimony of the surveyor of *Washington* county, as stated in the bill of exceptions. The appellee, who was the plaintiff below, claimed damages among other things, for trespass alleged to have been committed by the defendant, in cutting down trees then growing on a tract of land called *Rich Barrens*. If the defendant had simply pleaded not guilty, and issue had been joined thereon, no doubt the testimony would have been admissible, because then the plaintiff would been entitled to recover damages for any trespass by the defendant below, of the nature described, and committed anywhere within the lines of the tract of land. But plats were deemed requisite, and upon these it was necessary for the plaintiff to locate correctly not only the tract of land claimed, but the spot within the lines of that tract whereon the trespass was committed. This, according to the surveyor's explanations, he did do; for besides locating his land, his explanations refer us to the letter A. as the place where the injury was done. Everything then required to be done by the plaintiff, apparently was done, and for such a trespass as is alleged to have been committed at the letter A. he

could have recovered damages, provided he could have proved that the defendant committed the trespass complained of there. But no proof of a trespass at A. was offered.  The plaintiff, however, undertook to prove by the surveyor, to whose testimony objection was made, that at other and distinct places, and within the lines of the tract of land, the defendant did commit a trespass such as is complained of.  It was because this testimony was admitted by the court that the exception was taken.

It is true that there are marks (asterisks) on the plat, which designate the spots, and enabled the surveyor to point to the spots, where he alleges trees were cut down by the defendant. But the plats and explanations nowhere tell us, that of trespasses committed in these places, the plaintiff complains in this suit.  On the contrary, she locates as the spot where the trespass was committed, the point A., and by such location (and by no other location) of the trespass, she admits that in this suit she cannot recover, unless she proves that the trespass complained of was committed *there.*  The defendant by making no location or counter-location, admits the plaintiff's right to recover, provided she can prove in addition to letter A., the *trespass complained of to have been* committed by them at letter A.  Now if notice had been given to the defendant below, that the trespass, for which damages were sought, in this case was committed not at A., but at the places spoken of by the witness, she might have deemed it necessary to make other locations, which if correct, would have shown that to these places the plaintiff had no title, or he might have been prepared to prove that he had a license to cut down the trees spoken of by the surveyor.  The plaintiff's locations then would have deceived the defendant, as they told him that he need not prepare himself to justify the cutting down of any trees at the spots about which the surveyor speaks, because in this suit she does not claim any damages for the trespass of which the witness speaks.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**