## Wm. Houck and wife *vs.* Greenbury Loveall.

Where a patent is located by the plaintiff according to courses and distances and the calls are not located, it is admissible in evidence if *there be no counter-locations* of it by the defendant; but not if there be such *counter-location.*

Papers purporting to contain the defendant's locations and counter-locations *separate* from the plat and not *signed* by the sheriff or surveyor, and not referred to in their certificate accompanying the plats, cannot be treated as part of the proceedings under the warrant of survey.

But when such papers, though separate from the plats and not certified and signed, are referred to and returned with the certificate and plat, they will be regarded as part of the proceedings under the warrant.

In locating title papers, calls are to be gratified in disregard of course and distance, and *other tracts*, when called for, are as imperative as boundaries.

But it is not always necessary in such cases to locate the *entire tracts;* it is sufficient if the *lines* called for be located, though in ascertaining the correct position of such lines, it sometimes may be necessary to survey the whole tract.

In actions of *trespass q. c. f.* where defence is taken on warrant, the plaintiff must locate the *locus in quo* of the trespass, and show it to be within the lines of the land on which he alleges the act was committed.

No evidence as to the location of the lines called for in a patent unless such lines are located on the plat.

In an action of *trespass q. c. f.* and defence on warrant, if the plaintiff finds his locations unavailing, he cannot abandon them altogether and prove by parol his possession of the *locus in quo* and the trespass thereon, as if the plea were *non cul.* merely.

Appeal from the Circuit Court for Carroll county.

*Trespass q. c. f.*, by the appellants against the appellee, for breaking and entering their close, called "*Brown's First Attempt.*" Pleas, *non cul.* and limitations and defence on warrant. Issues were joined and a warrant of resurvey issued, under which locations were made and plats returned.

The patent of "*Brown's First Attempt,*" located by the plaintiffs, was granted upon a warrant of resurvey, and begins at the beginning of the whole tract called "*Rockland Enlarged,*" and runs thence a given course and distance to the end of the third line of said tract; thence a given course and distance to the end of the fifth line of said tract; thence with the sixth line of said tract a given course and distance until it

intersects the sixth line of a tract called "*Moses Meadow;*" thence reversely and bounding on said tract several courses and distances until it intersects the ninth line of "*Rockland Enlarged;*" thence a given course and distance to the end of said line; thence a given course and distance until it intersects the sixth line of a tract called "*Better Known;*" thence a given course and distance to the end of said line; thence still bounding on said land a given course and distance till it intersects a given line of a. tract called "*Hail's Venture Resurveyed;*" thence a given course and distance to the end of said line; thence with and bounding on "*Hail's Venture Resurveyed*" several courses and distances until it intersects the first line of a tract called "*Rotterdam Enlarged;*" thence a given course and distance to the beginning of said tract; thence still bounding on "*Rotterdam Enlarged,*" reversing the lines thereof, several courses and distances till it intersects a given line of "*Hail's Venture Resurveyed;*" thence with and bounding on said tract several courses and distances until it intersects a given line of the *original survey;* thence with and bounding on said survey reversely several courses and distances until it intersects a given line of "*Hail's Venture Resurveyed;*" thence a given course and distance to the end of said line; thence with and bounding on said tract several courses and distances until it intersects the third line of a tract called "*Mattingan;*" thence a given course and distance to the end of said line; thence a given course and distance until it intersects a given line of a tract called "*Lighty's Foundation;*" thence with and bounding on said tract several courses and distances to the beginning of a tract called "*Parlingan;*" thence with and bounding on said tract several courses and distances until it intersects the second line of the *original survey;* thence bounding on this survey reversely several courses and distances to the *beginning.* The location is made according to the *courses and distances* mentioned in the patent, and the lines of "*Rockland Enlarged,*" "*Moses Meadow,*" "*Better Known,*" "*Mattingan,*" "*Lighty's Foundation*" and "*Parlingan,*" called for in the patent, *are not located.* The lines of "*Hail's Venture Resurveyed,*" mentioned in the

patent, are located, but the *whole tract* is not. The beginning and whole tract of *"Rotterdam Enlarged"* are located. The plat and explanations of the plaintiffs, accompanied by the certificate of the sheriff and surveyor, are given under the *seals* and *signatures* of the sheriff and surveyor. With these there were separate papers purporting to be the locations, counter-locations and explanations on the part of the defendant, including a counter-location of *"Brown's First Attempt,"* but these papers were not *signed or sealed* by the *sheriff* or the *surveyor,* nor referred to in the certificate accompanying the plat and plaintiffs' explanations.

*1st Exception.* The defendant objected to the admissibility in evidence of this patent under the pleadings and plats in the case, which objection the court, (Nelson, J.,) sustained, and ruled that said patent was not admissible in evidence, because it was located on the plat by course and distance only, without regard to what the court conceived to be imperative calls contained in the patent. To this ruling the plaintiffs excepted.

*2nd Exception.* The plaintiffs then, for the purpose of proving their possession of the *locus in quo* the trespass was alleged in the declaration to have been committed, and independent of the plats and locations made in the case, offered to prove by a competent witness, that at the time of committing the alleged trespasses, the plaintiffs were in the actual and exclusive possession of the *locus in quo,* and had been so in possession thereof for more than twenty years, exercising undisputed ownership over the same, and that the *locus in quo* is part of *"Brown's First Attempt."* The defendant objected to the admissibility of this parol evidence, which objection the court sustained and refused to permit the evidence to go to the jury. To this ruling the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*William P. Maulsby* for the appellants, argued:

1st. That the location of *"Brown's First Attempt"* is ad-

9     v.8

*mitted* by the pleadings to be correct, for there is no *counter-location* which can be regarded by this court. On the plat is a statement, entitled, defendant's explanations, but in fact it explains nothing, and if it did, is not signed and certified by either the sheriff or surveyor. So also accompanying the plat are papers, entitled, counter-locations on the part of defendant, but they are not certified to or signed by either the sheriff or surveyor. All the lines and objects appearing on the plat additional to those appearing to have been put there by order of the plaintiffs, are therefore nullities, (2 *G. & J.*, 193, *Mundell vs. Perry*,) and the plaintiffs' locations are admitted to be correct. Their locations being preferredly correct, the plaintiffs were at liberty to read the patent in evidence, the concession of the defendant being, that there is no disagreement between the courses and distances as located and the supposed calls.

2nd. But suppose there are counter locations, they only impose upon the plaintiffs the necessity to prove *prima facie* the *correctness* of their locations. This is an action of trespass, and the plats are not *pleadings* but *evidence only*, and this is the distinction between trespass and ejectment. 5 *Gill*, 321, *Funk vs. Hughes*. It is submitted, that the calls in this patent are directory only and not imperative for the lines of the tracts mentioned, and that the beginning of "*Rotterdam Enlarged*" is the only peremptory call; that where course and distance are given, it is sufficient primarily to locate the grant according to course and distance, and that the objects called for need not be located until something be shown, whereby it appears the course and distance and the calls do not correspond, or that the location is somehow in conflict with the rights of the other party. It is only in case of disagreement that the calls must be gratified and course and distance yield. 5 *H. & J.*, 163, *Carroll vs. Norwood*. 1 *H. & J.*, 128, *Ridgely vs. Norwood*. The court will not assume that course and distance does not agree with the calls, but will take the location to be good until the suggestion of non-agreement be made and sustained by the opposing party. Then, and not till then, can the court see that the course and distance must yield to the calls. If the rule is to prevail in every case in which the grant mentions the

lines of another tract, that all the lines and all the tracts mentioned must be located, and when the tracts so mentioned and located refer to the lines of other tracts, those other lines and tracts must be located, and so on, *ad infinitum*, or at any rate until in the weary search a patent is found, *(rara avis,)* which mentions or refers to no other lines or tracts than its own, it would effectually exclude from the courts all actions of trespass and ejectment which would not justify the plaintiffs in incurring an expense for locations greater than the value of ordinary farms.

3rd. The defendant having taken defence on warrant, but none according to the plat, and having made on the record no claim or pretension, and no issue on locations being made up, the appellants respectfully insist, that they were at liberty to prove their case in the same way as if defence had not been taken on warrant. That in fact, the case stood at the trial upon the plea of *non cul.*, and that the plaintiffs made their locations at the requirement of the defendant, could not put them in a worse position, and therefore, that the court erred in rejecting the evidence offered in the second exception. 2 *H. & J.*, 351, *Hogmire vs. M'Coy.* 2 *G. & J.*, 193.

*Joseph M. Palmer* for the appellee, argued:

1st. That it is not necessary that either the sheriff or the surveyor should sign the *explanations*. The warrant of survey only requires the signature to the *plats*, and if *they* are signed all the proceedings under the warrant returned with them are duly and sufficiently verified.

2nd. It is a well settled rule of construction in this State, that calls in a patent, whether to artificial or natural objects, are to be preferred to course and distance, and hence, where a tract of land is described by course and distance and by calls, the calls are to be gratified in the location and construction of the patent, if they can be established, and the course and distance disregarded, if they do not correspond with the calls. 5 *H. & J.*, 163, *Carroll vs. Norwood.* 1 *H. & McH.*, 138, *Lord Proprietary vs. Jenings.* 2 *H. & J.*, 269, *Howard vs. Moale.* 5 *H. & J.*, 255, *Hammond vs. Ridgely.* 7 *H.*

*& J.*, 141, *Rogers vs. Moore.* 2 *G. & J.*, 54, *Rogers vs. Raborg.* 3 *G. & J.*, 142, *Thomas vs. Godfrey. Dorsey on Eject.*, 52. The patent in this case was therefore inadmissible as evidence to the jury, because there was no proper location of it upon the plats corresponding with the description and calls in it. 3 *H. & J.*, 469, *Mundell vs. Clerklee.* 4 *Do.*, 450, *Pennington vs. Bordley,* in addition to the cases cited above.

3rd. The parol evidence in the second exception was properly rejected, because the *locus in quo* and the plaintiff's possessions were not located on the plats and proof taken as to such possessions, and because such possession, as part of "*Brown's First Attempt,*" could not be correctly located on the plats until the whole tract was legally and properly located. 5 *Gill,* 322, *Funk vs. Hughes.* 1 *H. & J.*, 171. 2 *G. & J.*, 205, *Mundell vs. Perry.* It is a settled principle in this State, that in all cases where defence is taken on warrant no title paper or object shall be given in evidence, unless the same is located on the plats. 4 *H. & McH.*, 287, 389, 499. 2 *H. & J.*, 249, 380. 3 *H. & J.*, 9, 228. 4 *H. & J.*, 1. 5 *H. & J.*, 127. 2 *G. & J.*, 193. 3 *G. & J.*, 290, *Blessing vs. House.* 7 *G. & J.*, 61, *Medley vs. Williams.* 1 *H. & J.*, 100, 119. Adversary possession cannot be given in evidence unless located on the plats. 1 *H. & J.*, 167.

Tuck, J., delivered the opinion of this court.

If the defendant below had counter-located the location, by the plaintiff, of "*Brown's First Attempt,*" the ruling of the court would have been correct, for the reasons assigned in the exception. But we think there was no controversy as to the true location of the patent for that tract, and that it ought to have been received in evidence. The certificate accompanying the plat does not verify the papers called explanations, purporting to contain the defendant's locations and counter-locations. These are separate from the plat, not referred to in the certificate, nor signed by the sheriff and surveyor. They appear to be unfinished certificates of surveys and locations. made subsequently to those on the plat, and cannot, in their

present form, be treated as possessing the attributes ascribed to them by the appellee's counsel. We are not to be understood as intimating that explanations must always be certified and signed, when placed on another paper than the plat. They may be referred to, and returned with the certificate and plat, and when so identified will be properly considered as part of the proceedings under the warrant. We have carefully examined the plats and explanations in the case of *Mundell vs. Perry*, 2 *Gill & Johns.*, 193, and find that some of the remarks made in reference to their incompleteness apply with equal force to the present record.

As the record will be remanded, it is proper to add a few words as to locations of this kind. It is well settled that calls are to be gratified in disregard of course and distance, and that other tracts, when called for, are as imperative as boundaries. This is abundantly shown and explained in the Maryland decisions cited by the counsel for the appellee. But in such cases it is not always necessary to locate on the plats the entire tracts mentioned. It is sufficient if the lines called for be laid down, though in ascertaining the correct position of these lines it sometimes may be necessary to survey the whole of the tract. *Mitchell vs. Mitchell*, 8 *Gill*, 98.

In actions of this description, where defence is taken on warrant, the plaintiff must locate the place of the trespass, and show it to be within the lines of the land on which he alleges the act to have been committed. As the position of *"Brown's First Attempt"* depends on that of other tracts mentioned in the patent, and as the calls for parts of these other tracts must be gratified, we cannot perceive how the jury can determine that the *locus in quo* is correctly shown on the plats, in the absence of evidence as to the lines called for; and it is quite clear, that no such evidence is admissible unless they are located. *Funk vs. Hughes*, 5 *Gill*, 315.

The second exception assumes that, in trespass *quare clausum fregit* and defence on warrant, if the plaintiff cannot make his locations available at the trial, he may abandon them altogether, and prove his possession of the *locus in quo* and the trespass thereon, in the same manner as if the plea were *non*

*cul.* merely. If this were the law the defendant could not, in any case, derive benefit from the defence on warrant. That it is not, however, is manifest from the authorities cited on the part of the appellee, as well as the character and object of the warrant of resurvey in such cases. *5 Gill,* 315. We speak of the law as it was before the passage of the act of 1852, ch. 177.

The *second* exception is affirmed, but the judgment must be reversed on the *first,* because, in the absence of a counterlocation of the patent for "*Brown's First Attempt,*" it should have been admitted in evidence.

*Judgment reversed and procedendo ordered.*