Clary *vs.* Kimmell.

(Decided Feb. 11th, 1862.)

## HENRY CLARY *vs.* ANTHONY KIMMELL.

Prior to the Act of 1852, ch. 177, where a plaintiff in ejectment or trespass *q. c. f.,* made a location which was not counterlocated by the defendant, his location was held to be admitted, but, by the 8th section of that Act, the defendant may controvert the plaintiff's locations without any counterlocation.

Clary *vs.* Kimmell.

As this Act gives the defendant the right to take defence on warrant, the plaintiff must locate every title paper offered in evidence, in strict conformity with the calls, or courses and distances therein, and where the plats, and accompanying explanations, do not show it to be so located by *tables* of courses and distances, or otherwise, it must be rejected at the trial.

In an action of trespass *q. c. f.*, and defence on warrant, the plaintiff cannot abandon his locations if they prove unavailing, and prove, by *parol*, his possession of the *locus in quo* and the reputed name of the land: the Act of 1852, ch. 177, has not altered the pre-existing law in this respect.

APPEAL from the Circuit Court for Frederick County.

Trespass, *q. c. f.*, brought June 23rd, 1853, by the appellant against the appellee. The amended *nar.* is for breaking and entering the closes of the plaintiff, called "Friendship," "Dispute Continued" and "Partnership." Plea not guilty and defence on warrant. A warrant of survey was issued and locations were made for both parties, but no counter-locations were made on either side. The plats were returned with the certificate of the sheriff and surveyor, *but no table of the courses and distances of the various tracts located, appears upon the plats,* nor are the courses and distances shown in any other manner.

*1st Exception:* The plaintiff offered by way of explanation and illustration to the court and jury, the plats, explanations and certificate of the sheriff and surveyor, and then offered in evidence for the purpose of showing the *locus in quo* of the alleged trespass, the patent for "Friendship," dated January 13th, 1764, which was located on the plats as far as and including the 18th line thereof. The beginning is the *only call* in this patent, and the lines, twenty-five in number, run by course and distance from beginning to beginning, embracing nine hundred and thirteen acres. The proper location of the 18th line of this patent, was the matter chiefly to be determined, and in dispute. The defendant objected to this patent as inadmissible in evidence, upon the ground that it was not properly located upon the plats, in this, that it did not appear from said plats or any explanations of the sheriff and surveyor

accompanying the same, that the said patent had been located according to the courses and distances mentioned and contained therein. This objection the court, (Nelson, J.,) sustained, and to this ruling the plaintiff excepted.

*2nd Exception:* The plaintiff then offered to prove by *parol*, that the land on the plats contained within certain specific lines, and mentioned and described in the explanations endorsed on the plats, to represent the possession of the plaintiff, and also as the *locus in quo* of the alleged trespass, is known *by reputation* by the name of "Partnership," and also that the plaintiff and those under whom he claims, have been in possession of said land so located and described as aforesaid, as his and their possession, and claiming title thereto for more than twenty years next before the alleged trespass was committed, and that the plaintiff was in actual possession of said land at the time of the alleged trespass. The defendant objected to the admissibility of this evidence, on the ground, that the plaintiff having located on the plats part of "Partnership," (as was the fact,) was not at liberty to abandon his said locations, and offer proof independent of, and apart from, his said locations. This objection the court sustained, and refused to permit said *parol evidence* to go to the jury, and to this ruling the plaintiff excepted.

*3rd Exception:* The plaintiff then offered in evidence to the jury a certificate for "Partnership," dated January 8th, 1793, located by him on the plats. This certificate contains but *few calls* and a large number of lines, which run by course and distance only, and embraces eight hundred and nine acres. The defendant objected to the admissibility of this certificate, upon the ground that it was not properly located on the plats, in this, that it does not appear from said plats, or any explanations or certificate of the sheriff and surveyor accompanying said plats, that said certificate had been located according to the calls, and courses and distances, mentioned and contained therein. This objection the court sustained, and to this ruling the plaintiff excepted, and the verdict and judgment being against him, appealed.

Clary *vs.* Kimmell.

The cause was argued before Bowie, C. J., Bartol, Goldsborough and Cochran, J.

*Jos. M. Palmer,* for the appellant.

1st. The rulings in the first and third exceptions, present the same question. The surveyor was instructed to locate the patent for Friendship, from the beginning to the end of the 18th line thereof. It is true that he and the sheriff did not return with the plats a table of courses and distances, and I am not aware of any authority that made it their duty to do so. They have certified that they surveyed, and located on the plats the lines, claims and pretensions of the defendant and the plaintiff, as instructed. It was only necessary for them to locate the 18th line of this tract, the line in dispute, if there was in truth any dispute about locations. But it is said the surveyor has not marked on the plats the distance of each line to the end of the line in dispute, or actually surveyed the tract as he certifies he did. He must have ascertained the distance of each course, if he did locate and survey the tract as he certifies he did. The admissibility of the patent in evidence, as one link in the chain of the plaintiff's evidence, and the effect of the evidence, are quite different things. Whether the surveyor did or not actually survey and ascertain the distance of each line or course, is a question of fact to be proved like any other fact. It is a settled principle in this State, it is true, that when there are calls in a patent they must be gratified at the expense of course and distance, and if the surveyor in making a location, should disregard the calls and run the tract, course and distance, the patent would not be admissible in evidence by reason of the variance between the patent and location. But there is no analogy between such a case and the present. The Act of 1852, ch. 177, has entirely changed the law in this State, in relation to surveys, locations and evidence, in actions of ejectment and trespass; by sec. 6, it is only necessary to locate the line or lines which are disputed, and by sec. 8, the plats shall not be considered as pleadings or evidence *per se,*

nor shall any counter-location be necessary. I have not been able to find any decided case in this State, making it necessary for the sheriff and surveyor to return a table of courses and distances with the plats; but as far as I can learn, the general practice has been the other way. The defendant did not counter-locate on the plats the patent for "Friendship," and if we were governed by the law as it was before the Act of 1852, the patent would be clearly admissible in evidence. 8 *Md. Rep.*, 69, *Houck vs. Loveall.* But by that Act no counter-locations are necessary to put the party, locating any tract, line or object, on proof of such location, and the opposite party may controvert the same without any counter-location. The defendant could have controverted the location, and shown that the patent was not located correctly in point of fact, but the patent was clearly admissible, subject to be explained by parol evidence by both parties. As plats are not, by the Act of 1852, considered pleadings or evidence, the surveyor on the trial might have been called upon to prove that he located the patent accurately by course and distance, or that he did not. These rulings, it is therefore submitted, were erroneous.

2nd. It would seem to be clear, both from authority and reason, that the court erred in rejecting the evidence contained in the second exception. This action is founded on possession only and not on title. The injury to the possession is the gist of the action, and if this indispensable fact does not appear on the trial, the plaintiff cannot sustain his suit; it is absolutely necessary for him to prove his actual possession of the *locus in quo* of the alleged trespass, at the time it was committed. 1 *Chitty's Pl.*, 175. 3 *Metc.*, 242, *Inhabitants of Danvers, vs. Thacher. Willes*, 218, *Lambert vs. Stroother.* 4 *Taunt.*, 547, *Catteris vs. Cowper.* 1 *East.*, 244, *Graham vs. Peat.* He must show such a possession of the land as the defendant had no right to disturb, but any possession is a legal possession against a wrong doer. 1 *East*, 246. *Willes*, 221. 5 *Md. Rep.*, 552, *Tyson vs. Shuecy.* 3 *Burr.*, 1563, *Harker vs. Birkbeck.* The defendant had no right, or pretence of right, to the land,

when the trespass was committed, and if he had, our actual pos-
session cast the burden of proof on him to show his right.
The possession then being the very gist of the action, it would
seem to be a violation of all principle to refuse to let him prove
his possession.   If the plaintiff had been the owner of the land
in fee, he could not have sustained the action without proof of
actual possession at the time of the trespass.   He offered to
prove that he, and those under whom he claims, had pos-
session of the land for more than twenty years next before the
trespass, claiming title to it, which would have given him an
absolute title to the *locus in quo*.   Possession is always *prima
facie* evidence of ownership, and throws the *onus* on the
other side; but, for the purpose of sustaining this action, actual
possession for one week was as good as twenty years, unless the
defendant can prove he had, at the time of the injury, the right
to the actual possession.   But the court rejected this evidence of
possession upon the authority of *Houck vs. Loveall*, 8 *Md.
Rep.*, 69.   But there the plaintiff had not located on the plats
his possession, as the plaintiff has done here; hence the deter-
mination in that case can have no sort of application to this.
The court rejected the patent for "Friendship," and the cer-
tificate for "Partnership," as evidence, because not properly lo-
cated on the plats, which is the same, in effect, as if not located
at all, and overruled the offer of parol evidence to prove actual
possession of the *locus in quo*, as located on the plats at the
time of the trespass, on the ground, that the plaintiff having lo-
cated on the plats part of "Partnership," was not at liberty to
abandon his locations.   How can these two opinions be recon-
ciled?   They are in direct conflict.   By the Act of 1852, ch.
177, sec. 2, it is not necessary to prove the land in controversy
has been patented, but a patent shall be presumed in all cases
in favor of a party showing a title otherwise good.   Here the
court stopped the proof, *in limine*, by refusing to permit the
plaintiff to prove a fact, the very gist of the action.   It would
not even permit us to prove that the *locus in quo*, as located on
the plats, is known and called, *by reputation*, by the name of

"Partnership." But that the name of a tract may be acquired by reputation, is indisputably settled in this State, by the Act of 1852, ch. 177, sec. 10. 5 *Md. Rep.*, 551, *Tyson vs. Shueey.* Even before this Act, land might acquire a name by reputation as well as by patent. 3 *H. & J.*, 137, *Foulke vs. Kemp.*

*A. B. Hagner* and *Oliver Miller,* for the appellee.

1st. Neither the plats, nor the explanation in any part of the record, afford any evidence, that any lines of the title papers offered in evidence in the first and third exceptions, had been located according to courses and distances mentioned in them. There is, therefore, nothing to show to the court that the lines of these patents, when correctly laid down, would run in the manner delineated on the plats. In this respect the survey differs from the form universally pursued by surveyors in similar cases. A table of courses and distances is required, not only by the terms of the warrant of survey itself, but the *practice* has always been in this State, to have such tables accompany the plats. The Act of 1852, ch. 177, allows defence on warrant to be taken, and dispenses with counter-locations, so that now the adverse party may put the party locating any tract of land, line or object, *to the proof* of such location, without any counter-location. The old law as to surveys and locations, has been changed in no other respect by this Act. The old authorities are, therefore, still applicable, and are full as to the certainty required in plats, and that no title paper not properly located upon them, can be offered in evidence. 4 *H. & McH.*, 349, *Pottinger vs. Hall.* 5 *H. & J.*, 127, *Beall vs. Bayard.* 2 *G. & J.*, 205, *Mundell vs. Perry.* 11 *G. & J.*, 310, *Crawford vs. Berry.* 2 *Gill*, 221, *Addison vs. Hack.* 3 *Gill*, 228, *Budd vs. Brooke.* 8 *Md. Rep.*, 63, *Houck vs. Loveall. Ev. Pr.*, 222 to 232. Not only this objection, which is fatal to the admissibility of these papers, is found in these plats, but there is still the further objection, that it does not appear from them what variation of the compass was

allowed or used in running these lines. Whether a proper variation was allowed, is, in this State, a question of fact for the jury, *(3 H. & J.*, 9, *Hughes vs. Howard*,) and the plats should show it.

2nd. The question presented by the second exception is, whether the plaintiff, after having located on the plats, (as he alleges,) part of the land called "Partnership," can abandon his locations and offer parol evidence that the *locus in quo*, though outside of his location of "Partnership," was known by reputation as part of that tract, and that he had possession thereof. The case of *Houck vs. Loveall*, 8 *Md. Rep.*, 63, is conclusive on the question, that such evidence was properly rejected. And there is nothing in the Act of 1852, ch. 177, which changes the law in this respect.

GOLDSBOROUGH, J., delivered the opinion of this court.

An action of trespass for breaking and entering the closes of the plaintiff, now appellant, and cutting down his trees, resulted in the appeal which becomes the subject for our consideration.

The plaintiff declared for a trespass on a tract of land, formerly called "Culloden," now called "Partnership," and one other close, called the resurvey on, "Drummine," in Frederick county.

The defendant pleaded not guilty, and took defence on warrant. A warrant of resurvey was issued, and locations were made for both the plaintiff and defendant. At a subsequent term, the plaintiff obtained leave to amend the pleadings and plats. He then declared anew for trespass committed upon his closes, "Friendship," and "Dispute Continued," and "Partnership."

The defendant again pleaded not guilty, and took defence on warrant.

A second warrant of resurvey was issued, by virtue of which the plats were amended, and returned with the certificate of the sheriff and surveyor, but no table of explanations.

Clary *vs.* Kimmell.

At the trial of the cause, the plaintiff proposed to offer in evidence, and to establish the *locus in quo* in which the alleged trespass was committed, a patent for a tract of land called "Friendship," to which patent, as offered in evidence, the defendant objected as inadmissible, on the ground that it was not properly located on the plats, in this, that it did not appear from said plats, or any explanations of the sheriff or surveyor accompanying the plats, that the said patent had been located according to the courses and distances mentioned and contained therein. There is, therefore, nothing to show to the court, that the lines of the patent, when correctly laid down, would run in the manner delineated on the plats. We consider it well established, by a uniform current of authorities prior to the Act of 1852, ch. 177, that where a plaintiff in ejectment or trespass *quare clausum fregit*, made a location, and the defendant did not counter-locate, the plaintiff's location was held to be admitted, and, under these decisions, the plaintiff would be entitled to recover. But, by the 8th section of the above Act, it is provided that a counter-location shall not be "necessary to put the party locating any tract of land, line or object, on the *proof of such location;* and the opposite party may controvert the same, without any counterlocation." Forasmuch as this Act gives to a defendant the right to take defence on warrant, we are of opinion that a plaintiff must make a location of any title paper he offers in evidence, in strict conformity with the calls, or courses and distances, mentioned in the title paper. We are not willing to disturb the system of location existing prior to the Act of 1852, regarding that system as the matured fruit of legal experience, and highly conducive to the settlement of the complicated questions incident to land cases. It was said by the court in *Mundell vs. Perry*, 2 *G. & J.*, 205, that "the object and intention of introducing plats in the cause, is to give certainty to the claim and defence, and to apprise the parties, that the location of other lands are to be used to illustrate and support the location of those under which they claim title. It is to

prevent surprise, and therefore it has been the uniform practice of the courts, to reject evidence as to any object unless it is located on the plats.'' With equal propriety may this rule be applied to an imperfect or defective plat of a title paper, as in this case.

In the case of *Budd vs. Brooke, et al.*, 3 *Gill*, 228, the doctrine laid down by this court is equally emphatic; and directly applicable to the case before us. We therefore concur in the ruling of the Circuit court, in rejecting the evidence contained in the first exception.

The parol evidence, mentioned in the second exception, was also properly rejected. The case of *Houck & wife vs. Loveall*, 8 *Md. Rep.*, 69, is conclusive of the point raised by this exception; and the Act of 1852, ch. 177, has not, in our opinion, altered the pre-existing law in this respect.

The reasons which control our opinion as to the first exception, are equally applicable to the third; therefore we concur in the ruling of the court, in rejecting the evidence mentioned therein.

*Judgment affirmed.*

(Decided February 18th, 1862.)