## NAMAI LEIALOHA *v.* MAHIAI.

## No. 983.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

SUBMITTED APRIL 16, 1917.                    DECIDED APRIL 20, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

EJECTMENT—*variance—failure of proof.*

In an ejectment case where the plaintiff sought to recover 1 1-2 acres of land, and proves title to but one acre, and the proofs further show that the plaintiff is in possession of an acre and the defendant is in possession of an undefined parcel not exceeding a quarter of an acre in area, a nonsuit is properly granted for variance between allegation and proof, and failure of proof.

SAME—*pleading and proof—description of land in dispute.*

A declaration in ejectment should describe the land sought to be recovered with sufficient certainty that the land can be identified with the description given, and the proofs should show that the land of which the defendant is in possession is the land described in the declaration.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action of ejectment in which the plaintiff alleged ownership in herself in fee simple, and unlawful possession by the defendant, of a parcel of land described in the complaint as "situate at Pauwela, Hamakualoa, Island and County of Maui, being the hui land of Pauwela bought by William Lee recorded in book of the Government 226 and containing 1 1-2 acres." The defendant answered, and a trial was had jury waived. The plaintiff introduced documentary evidence of title as follows: Royal Patent No. 226 to Wm. L. Lee of a piece of land situate at

Pauwela, Maui, described particularly, and containing an area of about 210 acres; a deed of the same parcel of land from Edward L. Youmans and his wife, Catherine N. Youmans to Aiawale and thirty other named persons, including one Palaualelo, dated April 20, 1864, and recorded in the office of the Registrar of Conveyances in Book 48, pages 296, 297; a deed from Kahakui and Waiwaiole, her husband, and Kaahanui and Aiona, her husband, to Paia Kahoe, dated March 21, 1895, containing the following description: "all our interest in the one acre of Palaualelo, deceased, one of the share-holders in the Hui Aina of Pauwela, Hamakualoa, Maui, the said one acre being in the land described in Grant 226, issued to Wm. L. Lee and Edward L. Youmans and his wife to Aiawale et. al. by an instrument recorded in Book 48, pages 296 and 297;" and a deed dated November 28, 1908, from Paia Kahoe to the plaintiff of "the one acre of land of Palaualelo in the Hui Aina of Pauwela * * * and being the acre of land conveyed to me by Kahakui and Waiwaiole, her husband, and Kaahanui and Aiona, her husband, the heirs of said Palaualelo, on the 21st day of March, 1895." The plaintiff testified that she occupied under the deed what she thought to be an acre of land and that the defendant is in possession of "a quarter or an eighth of an acre." There was perhaps a scintilla of evidence to the effect that the land of the hui had been divided but there was no evidence that Palaualelo was a party to the partition. At the close of the evidence for the plaintiff, which was very meagre and unsatisfactory, the defendant moved for a nonsuit. The motion was granted on the ground that the evidence showed that the plaintiff is in possession of one acre of land which was all her deed entitled her to, and judgment for the defendant was entered. Where a plaintiff in ejectment brings an action to recover the possession of 1 1-2 acres of land, and proves title to but one acre and the proofs further show

that the plaintiff is in possession of that acre and the defendant is in possession of an undefined parcel not exceeding a quarter of an acre in area, it is very evident that the plaintiff will be unable to withstand a motion for a nonsuit. This, at best, was the situation in this case. There were missing links in the chain of title shown by the plaintiff, but the defendant has made no point of that. There was, however, a fatal variance between allegation and proof, and a failure of proof.

The root of plaintiff's difficulty lay largely in the uncertainty and inadequacy of the description in the complaint of the land actually in controversy. The general rule is that a declaration in ejectment should describe the land sought to be recovered with such certainty that it can be identified with the description given so that in the event of a recovery the officer executing the writ of possession will know what land the plaintiff is entitled to receive. 15 Cyc. 92. And the proofs should show that the land of which the defendant is in possession is the land described in the complaint. id. 116. Whether the complaint in this case could support a valid judgment for the plaintiff is a question which has not been discussed, but we have no doubt that the nonsuit was properly granted.

Judgment affirmed.

*Eugene Murphy* for plaintiff in error.

*Enos Vincent* for defendant in error.