CUMMINGS ET AL. v. BROWNE.

1. **Conveyance:** PARTICULAR DESCRIPTION YIELDS TO GENERAL. Where a deed described the premises conveyed thus: "The west half of the north half of the north half of the southwest quarter," etc., "including C's addition," etc., and the description by reference to the subdivisions according to the government survey did not cover blocks 9, 10, 11 and 12 in C's addition, *held* that these blocks did not pass by the conveyance, under the rule that a particular description in a deed cannot control a grant made certain under a general description.

2. **Tax Deed:** FRAUDULENT ACTS AVOIDING. Where land was assessed to one who had no title thereto, and was sold upon such assessment to the defendant who, about a year later, obtained a quit-claim deed from the-heirs of the person to whom it was assessed, and then, without consideration, transferred his tax sale certificate to one T., and T. served upon defendant the notice required by statute of the expiration of the time for redemption, and in due time procured a treasurer's deed for the land, and then conveyed the land without consideration to defendant, *held* that the tax title so obtained did not divest the plaintiffs, the real owners, of their title to the land.

3. **Practice in Supreme Court:** EVIDENCE: PRESUMPTION IN FAVOR OF RECORD. Where appellant's abstract alleges that it contains all the evidence, and appellee files an amended abstract setting out evidence, appellee cannot be heard to claim that the two abstracts do not contain all the evidence, unless he alleges that his amended abstract is not designed to supply all evidence omitted by the original abstract.

*Appeal from Buchanan Circuit Court.*

FRIDAY, JUNE 15.

ACTION to quiet the title of certain lands. The defendant by his answer and a cross bill set up title to the land claimed

by plaintiffs.    There was a decree quieting the title of a part of the land in plaintiffs, and the title of the other part in defendants.    Plaintiffs appeal.

*E. E. Hosner*, for appellants.

*C. E. Ransier*, for appellee.

BECK, J.—I.    The plaintiffs are the heirs at law of C. W. Cummings, who died seized of blocks 9, 10, 11, and 12 of Cummings' Addition to the city of Independence, and the northeast quarter of the northeast quarter of the southwest quarter of section thirty-five, township eighty-nine, range nine, west.    The lands lie adjacent, as will appear from the plat which will hereafter be produced.    Plaintiffs claim title to the lands through their father, C. W. Cummings.    The defendant, in his answer and cross-bill, claims title to the lands under conveyances made by Cummings and his grantees, all sufficiently set out in the agreed statement of facts, which we find necessary for a clear understanding of the case to reproduce in this opinion.    The claim of defendant probably covers only the land laid off into city lots.    He alleges that it was the intention of the parties to these deeds to convey all the lands claimed by him.    He also claims the lands under a tax title.    The facts and proceedings upon which it is based are set out in the agreed statement of facts.    defendant further relies upon payment of taxes and the possession of the land, which, under the statute of limitations, will bar plaintiffs' action.

The cause was submitted for trial upon the following agreed statement of facts, admission of record, and other evidence.

"*First*.    It is agreed that the plaintiffs are the sole heirs of C. W. Cummings, deceased.

"*Second*.    That on or about January twelfth, 1857, C. W. Cummings was the owner of the north half of the north half of southwest quarter of section thirty-five, township eighty-nine, range nine, west fifth P. M., in Buchanan county, Iowa,

and on said date the said C. W. Cummings platted the west thirty acres of said tract of land into lots and blocks, and designated said plat as Cummings' Addition to Independence, Iowa.

"*Third.* That on August 21, 1857, the said C. W. Cummings and wife executed their general warranty deed to O. H. P. Roszell, containing the following description of lands: 'The west one-half of the north half of the north half of the southwest quarter of section thirty-five, in township eighty-nine, range nine, west of the fifth P. M., Iowa, including Cummings' addition to the village of Independence, Iowa.'

"*Fourth.* That on or about September 1, 1857, the said O. H. P. Roszell and wife conveyed, by general warranty deed, to Barnes Gilbert, the same land, and by the same description, as was conveyed by C. W. Cummings to O. H. P. Roszell.

"*Fifth.* That on the seventeenth day of July, 1877, in consideration of $300, the heirs of Barnes Gilbert, by a quit claim deed, conveyed to H. P. Brown the land described as follows:

" The northeast quarter of northeast quarter of southwest quarter of section thirty-five, township eighty-nine, range nine, also blocks 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 in Cummings' Addition to Independence, Iowa, all in Buchanan county, Iowa.

"*Sixth.* That C. W. Cummings died in the year of 1862.

"*Seventh.* That on October 2, 1876, at the tax sale in Buchanan county, Iowa, the treasurer of said county sold all of the lots in blocks 9, 10, 11 and 12 in said Cummings' Addition to Independence to H. P. Browne, for the taxes due thereon for the year 1875, and said Browne received the certificates of sale therefor. That said Browne transferred said certificates without consideration to one S. Tabor, and the said S. Tabor, on the second day of August, 1880, served a notice of the expiration of redemption upon H. P. Browne, in the following words:

" '*To H. P. Browne:*    You are hereby notified that at the tax sale of lands of Buchanan county, Iowa, held on the second day of October, 1876, H. P. Browne purchased the following described premises, to-wit: Lots 1, 2, 3, 4, 5, 6, 7, 8, in block 9, and lots 1, 2, 3, 4, 5, 6, 7, 8, in block 10, and lots 1, 2, 3, 4, 5, 7, 8, in block 11, and lots 1, 2, 3, 4, 5, 7, 8, in block 12, all in Cummings' addition to Independence, Iowa; that the certificates of such sale have been assigned to me; that the right of redemption will expire and a deed thereof be made, unless redemption from such sale be made within ninety days from the completed service of this notice.

" 'Independence, Iowa, August 2, 1880.

" 'Stephen Tabor.

" 'I hereby accept due, legal and timely service of this notice, this second day of August, 1880.

" 'H. P. Browne.' "

" 'Affidavit of service made by S. Tabor, August 2, 1880, and notice and affidavit filed with county treasurer, August 2, 1880, and that Tabor, on August 12, 1881, obtained a treasurer's deed for all of said lots in blocks 9, 10, 11 and 12, in Cummings' Addition, and on September 12, 1881, said Tabor by special warranty deed conveyed said blocks 9, 10, 11 and 12 to H. P. Browne, without consideration.'

"*Eighth.*    That at the time of said tax sale of October 2, 1876, the said premises were assessed to Barnes Gilbert.

"*Ninth.*    That the only notice of the expiration of nonredemption from the tax sale of 1876, and upon which said deed was executed by the treasurer, was the notice above set out in this agreement of facts.

"*Tenth.*    That all of the premises described in the second paragraph of this agreement were covered with young, growing timber, and no one lived upon said premises, cultivated or used them, nor were they enclosed except as stated in paragraph eleven hereof.

"*Eleventh.* That the said H. P. Browne, after he obtained the quit-claim deed from the heirs of Barnes Gilbert, caused the underbrush to be cut out, and the trees to be trimmed up, in the year 1878, upon the land in Cummings' Addition.

"*Twelfth.* That Barnes Gilbert paid all the taxes upon all the lots in blocks 9, 10, 11 and 12, Cummings' Addition, from the year 1860 up to the year 1875, for which year they were sold for taxes as aforesaid.

"*Thirteenth.* That all the lots in blocks 9, 10, 11 and 12, were taxed and assessed for taxation to H. P. Browne at the time the service of the notice of redemption by S. Tabor, August 2, 1880."

In addition to the agreed statement of facts, it was also admitted of record that Barnes Gilbert, during his lifetime, was a resident of Vermont, and never lived in the state of Iowa, and that he died in 1868.

There was evidence showing that Barnes Gilbert paid the taxes in controversy from 1858 to 1874, and that Browne paid the taxes subsequent to the sale under which he claims. At the close of the evidence, the defendant entered a disclaimer of interest or title in and to the northeast quarter of the northeast quarter of the southwest quarter, section thirty-five, township eighty-nine, range nine, being the ten acres not laid off into city lots. The following plat of the lands will aid to a clear understanding of the facts. The figures upon the plat of the addition to the city indicate blocks, each containing eight lots. The addition contains thirty acres:

W$\frac{1}{2}$ of N$\frac{1}{2}$ of N$\frac{1}{2}$ of SW$\frac{1}{4}$ 35, 89, 9.

| 2 | 3. | 5 | 7 | 9 | 11 | NE NE of |
| 1 | 4. Cummings' | Indepe 6 | ndence, 8 | Iowa. 10 | 12 | SW$\frac{1}{4}$ 35, 89, 9. |

SW$\frac{1}{4}$ of Section 35, 89, 9.

II. The defendant insists that the description of the lands conveyed in the deeds executed by Cummings and Roszell

**1. CONVEYANCE: particular description yields to general.** cover all the land laid off into lots. The description is in this language: "The west one-half of the north half of the north half of south-west quarter, etc., including Cummings' Addition," etc. It is admitted that the description setting out the fractional subdivision of the land according to the government survey does not cover blocks 9, 10, 11 and 12, for they are in the east half of the "forty," but, it is claimed, that the words "including Cummings' Addition" do cover all the land laid off into lots. It is insisted that the description, by reference to the fractional subdivisions, is general, and cannot limit the special description made by reference to the city addition, and that,

therefore, under the rule of *Marshall v. McLean*, 3 G. Greene, 363, to the effect that a particular description in a deed cannot limit the grant made certain under a general description, the conveyances pass all the land laid off into city lots. We have no occasion to question the correctness of this rule or its applicability to this case. If it is applicable, of which there can be little doubt, it is against the defendant, for the reason that the description by reference to the fractional subdivision of the quarter section is a general description, clearly and unmistakably indicating the boundary of the land and its exact quantity. The description by reference to the city addition is particular. It cannot, therefore, limit the general description.

III.   The allegations of defendant's pleadings to the effect that it was the intention of the parties to the deeds to convey all the lots in the addition, is not supported by any evidence. They demand no further attention.

IV.   The defense under the statute of limitations has no support in the record. The possession is based upon the acts of clearing out the underbrush and trimming the trees, which was done in 1879. The time prescribed by the statute has not run, if it be conceded that these acts constituted adverse possession. No possession of the land prior to that date is attempted to to be shown.

V.   We are finally brought to consider defendant's claim under the tax title. It will be observed that defendant 2. TAX deed: bought the land at the tax sale in 1876. In less fraudulent act avoiding. than a year afterwards he obtained the quitclaim deed from the heirs of Barnes. He then transferred the tax sale certficate, without consideration, to Tabor, and had the land assessed to himself. Tabor caused the notice of the expiration of the right of redemption required by law to be served upon defendant, and, upon the expiration of the time of redemption, took a treasurer's deed, and then conveyed the land without consideration to defendant. This is quite an ingenious contrivance to acquire quietly, and without the dan-

ger of interference on the part of the owner of the land, a tax title which will divest him of his property. The mistake made by the defendant was in the expectation that the courts would aid him in the enterprise. The statute provides that notice of the expiration of the right of redemption should be served by the holder of the tax sale certificate upon the person in possession of the land and the person in whose name it is taxed. Code, § 894. The defendant, comprehending the difficulty of playing two parts himself, when both characters must be upon the stage at the same time, takes himself the role of the victim, and selects a trustee for the part of the pursuer. The law will permit nothing of the kind. It regards Tabor as the representative, the agent or trustee of defendant, who can acquire no rights by these proceedings. The law regards, according to the truth, the defendant as the holder of the tax sale certificate, and the payment of taxes made by him as having been made by one holding a tax sale certificate. His possession of the land, if he had any, was under the holder of the legal title, and Tabor was his agent or trustee. It therefore follows that the notice served upon himself is of no value, except to show the weakness of the attempt to evade the law. It would be a reproach upon the administration of justice to give countenance to such a proceeding. This point of the case demands no more attention.

VI. The defendant moves in this court to affirm the judgment of the court below, upon the ground that the evidence

3. PRACTICE in supreme court: evidence: presumption in favor of record.

was not taken down in writing, that there was no certificate of the evidence made by the judge of the circuit court, and no bill of exceptions was filed in this case, and that there is no assignment of errors. The defendant files an amended abstract, which contains nothing beside certain corrections of and additions to the evidence contained in plaintiff's abstract. It does not allege that the evidence in the court below was not taken in writing, and that there was no certificate or bill of exception showing the evidence upon which the case was tried.

The abstract of plaintiff alleges that it contains all the evidence. There is no support, therefore, for the motion, which will not itself establish the facts upon which it is based, nor will it be regarded as a denial of the correctness of plaintiff's abstract. And, in addition to this, the defendant, after filing an amended abstract setting out evidence, cannot be heard to claim that the two abstracts do not contain all the evidence, in the absence of any allegation on his part that his amended abstract is not intended to supply all evidence omitted by the original abstract. *Cross v. B. & S. W. R'y Co. et al.*, 51 Iowa, 683. The cause being in chancery, no assignment of error is necessary. The motion must be overruled.

We have considered all questions presented by the record, and reach the conclusion that plaintiffs are entitled to the relief prayed for in the petition, and that the title to all lands described therein ought to be quieted in them. A decree to that effect will be entered here, or, if plaintiffs so elect, the cause will be remanded to the circuit court where such a decree will be entered.

REVERSED.