The City of Racine vs. Crotsenberg and another.

CASSODAY, J., dissents.

=====

THE CITY OF RACINE vs. CROTSENBERG and another.

: *November 7 — November 25, 1884.*

*Cities — Streets and alleys — Ejectment.*

A city cannot maintain ejectment to recover a public alley or street. Its interest therein is a mere easement, and it is not entitled to the *possession* of the premises within the meaning of the statute. Sec. 3077, R. S.

APPEAL from the Circuit Court for *Racine* County.

This is an appeal from an order of the circuit court sustaining a general demurrer to the complaint. The action is ejectment. The complaint alleges that in 1855 one West, being the owner of certain lands in the plaintiff city, platted

the same, pursuant to the statute, into lots, blocks, streets, and alleys; that the premises claimed in this action are located within said plat, and are marked and designated thereon as an alley; that from the date of recording said plat until 1868 the alley was open to public use, and used as a public highway; that, by reason of the aforesaid acts, the plaintiff became and is entitled to the possession of such premises, to be held by it in trust for the uses and purposes of a public highway; that about the year 1868 the defendant *Crotsenberg* wrongfully and unlawfully took possession of such alley, and has ever since retained, and does now retain, exclusive possession thereof, and unlawfully withholds the same from the plaintiff; and that defendant *Cunningham* is the actual occupant of the premises, as tenant of *Crotsenberg*, and now holds the same for him.

*Samuel Ritchie*, for the appellant, contended that the only ground upon which the demurrer can be sustained is the technical objection that the right of the public in a highway is only an easement without right of possession. *Gardiner v. Tisdale*, 2 Wis. 153; *Milwaukee v. M. & B. R. R. Co.* 7 id. 85. The use to which streets and alleys in cities are put is essentially the exercise of possession, and this is a legal right. Dillon on Mun. Corp. § 523, and cases cited; *Cincinnati v. Lessee of White*, 6 Peters, 438; *Dummer v. Jersey City*, 20 N. J. Law, 86; *Trustees M. E. Church v. Mayor, etc.* 33 id. 13. The action of ejectment is a public necessity for the protection of the growing public uses of streets, the more so as a legal liability is imposed on towns and cities to keep them in repair; and courts overcome the technical objection by holding the right vested in the cities and towns to be a legal right. Dillon on Mun. Corp. §§ 523, 524; Sedg. & W. Tr. Title to Land, §§ 269, 270; *San Francisco v. Sullivan*, 50 Cal. 603; *Dummer v. Jersey City*, 20 N. J. Law, 86; *Trustees M. E. Church v. Mayor, etc.* 33 id. 13; *Hoboken L. & I. Co. v. Mayor, etc.* 36 id. 540; *Greenwich v.*

*E. & A. R. R. Co.* 24 N. J. Eq. 217; *Chicago v. Wright,* 69 Ill. 318; *Comm'rs of Bath v. Boyd,* 1 Ired. Law, 194; *Klinkener v. School Directors,* 11 Pa. St. 444; *Apalachicola v. A. L. Co.* 9 Fla. 350; *Barney v. Keokuk,* 94 U. S. 324; *Perry v. N. O., M. & C. R. R. Co.* 55 Ala. 413. Sec. 2263, R. S., sec. 5, ch. 41, R. S. 1849, and the statutes of 1839, relating to the recording of town plats and the dedication of land for streets, alleys, etc., are essentially alike and seem to have been intended to vest in the cities a legal right or title for the public use, something more than an easement, a right commensurate with the use to which streets may be put. In *Kimball v. Kenosha,* 4 Wis. 330, this right was held to be a base fee; and in *Gardiner v. Tisdale,* 2 id. 187, and *Emmons v. Milwaukee,* 32 id. 443, it is intimated that by a statutory dedication something more than a mere easement is created.

For the respondent there was a brief by *Hand & Flett,* and oral argument by *Mr. Flett.* They argued, among other things, that under sec. 5, p. 160, R. S. 1839, sec. 5, ch. 41, R. S. 1849, and sec. 2263, R. S., the legal title and fee in and to the premises is vested in the adjoining owners, of whom the defendant *Crotsenberg* is one, with an easement in the property in favor of the public, and this easement under the control of the plaintiff. In other words, the city did not become vested with any beneficiary estate or interest, but became a mere trustee of the public easement. *Kimball v. Kenosha,* 4 Wis. 321; *Milwaukee v. M. & B. R. R. Co.* 7 id. 85; *Ford v. C. & N. W. R. R. Co.* 14 id. 609; *Weisbrod v. C. & N. W. R'y.Co.* 18 id. 35; *Hegar v. C. & N. W. R'y Co.* 26 id. 624, 629; *Pettibone v. Hamilton,* 40 id. 402; *Kneeland v. Van Valkenburgh,* 46 id. 437. And this is not such "valid, subsisting interest in the premises claimed" as, within the purview of sec. 3074, R. S. 1878, will enable plaintiff to recover in this action. Under this section, ejectment is only maintainable by the person holding the legal title, by him

who has an "estate or interest in fee, dower, for life, or for a term of years." R. S. sec. 3077; *Grand Rapids v. Whittlesey,* 33 Mich. 109; *Gillett v. Treganza,* 13 Wis. 472; *Eaton v. Smith,* 19 id. 537; *Milwaukee v. M. & B. R. R. Co.* 7 id. 85, 99; *Sarnia v. G. W. R'y Co.* 21 U. C. Q. B. 62. That the plaintiff must be invested with the legal title is further seen in the fact that when the verdict of the jury is in his favor, such verdict must "specify the estate which shall have been established on the trial by the plaintiff, whether it be in fee, dower, for life, or for a term of years." R. S. sec. 3084, subd. 7; *Nys v. Biemeret,* 44 Wis. 104; *Stephenson v. Wilson,* 50 id. 95. The plaintiff must be invested with a present, subsisting title or corporeal estate in the premises. *Woodhull v. Rosenthal,* 61 N. Y. 382; *Rowan v. Kelsey,* 18 Barb. 484; *Child v. Chappell,* 9 N. Y. 246. And an easement is not an estate in lands. *Nellis v. Munson,* 24 Hun, 575; *San Francisco v. Calderwood,* 31 Cal. 585. Ejectment under the statute tests not only the right of possession but also the title to the premises. *Cagger v. Lansing,* 64 N. Y. 428. Even if the city were itself the owner of the easement instead of being the mere trustee and custodian thereof for the benefit of the public, this action could not be maintained. It is a well established principle that ejectment will not lie for an easement or incorporeal hereditament. *Eaton v. Smith,* 19 Wis. 537; *Gillett v. Treganza,* 13 id. 475; *Child v. Chappell,* 9 N. Y. 246; *Taylor v. Gladwin,* 40 Mich. 232; *Reed v. Robertson,* 45 Mo. 580. Furthermore it is the established doctrine in this state that the original owner or those claiming under him of lands dedicated to the public use, may maintain ejectment against a third party who obstructs or obtains possession thereof. *Gardiner v. Tisdale,* 2 Wis. 153; *Weisbrod v. C. & N. W. R'y Co.* 21 id. 602. If, then, the position of appellant's counsel be correct, each and every of the owners of property abutting the so-called alley, no matter how great their num-

ber, could maintain an action of ejectment against the defendants and could each recover the possession of the land in controversy. The decided weight of authority is opposed to the doctrine that a municipal corporation may in its corporate name maintain an action of ejectment against the *owner of the fee* for obstructing a public street or alley. *West Covington v. Freking*, 8 Bush (Ky.), 121; *Grand Rapids v. Whittlesey*, 33 Mich. 109; *Bay Co. v. Bradley*, 39 id. 163; *Savannah v. Steamboat Co.* 1 R. M. Charlton (Ga.), 342; *Sarnia v. G. W. R'y Co.* 21 U. C. Q. B. 59, 62; *Fitzgibbon v. Toronto*, 25 id. 137; *Perry v. New Orleans, M. & C. R. R. Co.* 55 Ala. 413; *Redfield v. Utica & S. R. R. Co.* 25 Barb. 54; Sedg. & W. Tr. Title to Land, sec. 267 *et seq.*

LYON, J. In *Kimball v. Kenosha*, 4 Wis. 321, it was settled that in this state a grantee of a lot bounded by a street in a village or city, laid out, platted, and recorded in conformity with the statute, takes to the center of the street on which the lot abuts, subject to the public easement. The fee of the street is in the abutting owner, and the interest of the public therein, which the city or village holds in trust for it, is not a fee, but a mere easement. *Goodall v. Milwaukee*, 5 Wis. 32; *Milwaukee v. Mil. & B. R. R. Co.* 7 Wis. 85; *Ford v. C. & N. W. R. R. Co.* 14 Wis. 609.

In *Gardiner v. Tisdale*, 2 Wis. 153, and again in *Weisbrod v. C. & N. W. R'y Co.* 21 Wis. 602, it was held that the owner of the fee of a street might maintain ejectment against a permanent incumbrancer or occupier, inconsistent with or repugnant to the purpose of the public easement.

The above rules have never been shaken, and are firmly imbedded in the jurisprudence of this state. These rules are decisive of this action, for no one will contend that an action of ejectment will lie to recover a mere right of way. Such an easement is incorporeal in its nature (Washb. Easem. 3), and ejectment lies only to recover things corporeal, which may be the subjects of seizin, entry, and posses-

sion.   There can be no seizin of an incorporeal hereditament and it cannot be the subject of entry or possession.   It "lyeth in grant, and not in livery."   Sedg. & W. Tr. Title to Land, §§ 95–98, 146, and cases cited.   The plaintiff has an ample remedy under its charter.   It may summarily remove obstructions to its streets, and doubtless has other remedies, but it cannot maintain ejectment.

It is not alleged in the complaint whether *Crotsenberg* is the owner in fee of the premises claimed.   But it is immaterial whether he is or is not such owner.

The statute (R. S. secs. 3077, 3084) clearly indicates the scope and limitations of the action of ejectment in this state.   Sec. 3077 requires the plaintiff to state particularly the nature and extent of his estate or interest in the lands claimed, "whether in fee, dower, for life, or for a term of years, specifying such life or lives, or the duration of such term, and that he is entitled to the possession of such premises, and that the defendant unlawfully withholds the possession thereof from him."   Sec. 3084 requires that the verdict (if for the plaintiff) shall specify the estate established on the trial by the plaintiff, "whether it be in fee, dower, for life, or for a term of years, specifying such life or lives, or the duration of such term."   Subd. 7.

This complaint shows affirmatively that the plaintiff is not the owner in fee, or for life, or a term of years, of the lands claimed, and also that the defendants do not withhold the possession thereof from it in the sense in which the word *possession* is employed in the statute.

The case was very ably argued by counsel on both sides, and numerous adjudications elsewhere were cited by them in support of their respective positions.   But the uniform decisions of this court, extending over a period of more than thirty years, are conclusive of the question here determined, and it is unnecessary to comment upon those adjudications.

. *By the Court.*— The order of the circuit court is affirmed.