## MANUEL RODRIGUES MENDES *v.* MANUEL JOAQUIN DE COVA.

### ERROR TO CIRCUIT COURT, SECOND CIRCUIT. HON. W. S. EDINGS, JUDGE.

ARGUED JUNE 8, 1915.                    DECIDED JUNE 29, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TRESPASS QUARE CLAUSUM FREGIT—*proof of locus in quo.*

In *trespass quare clausum fregit,* which is a local action, if the declaration gives the boundaries of the *locus in quo* or otherwise describes it with certainty it must be proved as laid and the plaintiff can recover only on proof of a trespass where he lays it.

SAME—*same—title must be proved as alleged.*

Where plaintiff relies expressly on a title by grant or of record he must prove it and evidence of a title otherwise derived is inadmissible.

OPINION OF THE COURT BY WATSON, J.

This is an action for damages resulting from an alleged trespass upon the lands of the plaintiff. There was a verdict of the jury and judgment in favor of the plaintiff, and the defendant brings the case to this court by writ of error. It appears from the evidence and was admitted in the argument that the plaintiff and the defendant owned adjoining closes but there was a dispute as to the place where the true line between them was. "In trespass *quare clausum fregit,* which is a local action, if the declaration gives the boundaries of the *locus in quo* or otherwise describes it with certainty, it must be proved as laid and the plaintiff can recover only on proof of a trespass where he lays it." *Hooker* v. *Hicock,* 2 Aikens (Vt.) 172. "Where the land is described by name, abuttals, metes or bounds, etc., it is necessary that they should be proved as laid because they afford the only means by which the defendant is notified of the place in which he was charged with committing the injury." 21 Ency. Pl. & Prac. 820. "Where the *locus in quo* is described by its abuttals, a variance from the description of any one abuttal in evidence will be fatal." 3 Starkie's Law of Evidence, 1099. See also *Peaslee* v. *Wadleigh,* 5 N. H. 317, 321, 322; *White* v. *Moseley,* 5 Pick. 230.

The declaration in this case alleges the trespass to have been committed at Hamakualoa, Island and County of Maui, in a certain close of the plaintiff lying and being in Hamakualoa "being the same premises as those described in a certain deed of conveyance made by Joao de Lima and Isabella Guillermina to Joao Mendes, under date of the 12th day of June, A. D. 1894, and recorded in Book 148, on pages 37 and 38 of the records of the Registrar of Conveyances at Honolulu; and in said conveyance described as follows, to wit: Beginning at the Northwest corner of this lot at Post 1, and running 43½ E. along Ahiong, L. C. A. 3.70 ch. to Post II, N. 60 E. 11.90 ch. along John Martins, to post III, N. 45 W. 3.31 ch. along Pico's fence to post IV, S. 64 deg. 10 W., 11.90 ch. to point of begin-

ning; containing an area of four acres; that plaintiff acquired the said piece, parcel or lot of land by mesne conveyances from the said Joao Mendes."

Plea, the general issue.

Plaintiff therefore was bound to prove and could recover only for a trespass committed in the *locus in quo* thus described, and where, as here, plaintiff relies expressly on a title by grant or of record he must prove it, and evidence of a title otherwise derived is inadmissible. 38 Cyc. 1107. On the trial the plaintiff, to show title in himself, offered evidence to prove that he and those under whom he claimed (under an alleged oral agreement with defendant as to the boundary line between their lands) had been in actual possession of the land upon which the trespass was alleged to have been committed, claiming title to the same as lying in the close described in his declaration, for more than ten years before the act of trespass complained of. To this evidence the defendant objected on the ground that it was an attempt to prove title to land by parol evidence, and that there was a variance between the evidence so offered and the allegations of the declaration. The objections were overruled and the evidence permitted to go to the jury. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the grounds, *inter alia,* that there was a fatal variance between the proof and the pleading, and that there was no evidence in the case showing that the plaintiff had title or color of title to the property which is the subject of this controversy. The motion for a nonsuit was denied. The court thereafter, at plaintiff's request, gave the following instructions, among others, to the jury:

"Instruction No. 2. The court instructs you that one of the questions for your determination in this case is the true location of the division line between the land owned by the plaintiff and by the defendant. If you believe from the evidence that the fence now referred to, and the row of trees as testified to by the plaintiff and witnesses is the true location of the division line between the plaintiff's and defendant's land, or was accepted

and recognized by those under whom plaintiff and defendant claim as such division line, and if you further find that the defendant by and with his agents and servants wrongfully crossed over such boundary line and damaged the property of the plaintiff then you will find for the plaintiff against the defendant and assess such damages as may be compensation for such damage."

"Instruction No. 4. When the adjoining owners or claimants of land have agreed upon boundary lines or have acquiesced therein for a sufficient length of time (and more than ten years will constitute such sufficient length of time) to warrant the inference of mutual consent thereto, the line so fixed will bind the parties."

To the giving of both of these instructions plaintiff then and there excepted and now assigns the giving of each thereof as error. We are of the opinion that the jury were misdirected in the court below. In neither of the above instructions is the jury told that in order to entitle plaintiff to recover it was necessary for him to prove that the trespass complained of was committed on the lands described in the declaration, but they were told, in effect, that if they believed plaintiff, under an agreement with defendant as to the boundary line between their lands, had acquired title by adverse possession to certain lands, on which defendant thereafter trespassed (irrespective of whether the trespass was committed on the lands described in the declaration), they should find for the plaintiff. A careful reading of the transcript of evidence in this case fails to disclose any substantial evidence which identifies the land where the trespass is alleged to have been committed as any portion of the close described by metes and bounds in the declaration. Counsel for plaintiff (defendant in error), in order to effect this identification, relies on a map received in evidence in the court below as plaintiff's exhibit 1, the same having been identified by plaintiff as a plat of his land made by one J. C. Foss, presumably a surveyor (although there is no evidence of this fact), from an inspection of plaintiff's muniments of title and after having certain monuments called for in the deed pointed out to him by

plaintiff. The plat was received in evidence without objection. Foss himself appears not to have been available as a witness and it does not appear from any evidence in the case or from said map or plat that the same was made or located according to the calls and courses and distances mentioned and contained in plaintiff's deed. There is therefore nothing to show to the court that the lines of plaintiff's deed, as set out in the declaration, when correctly laid down, would run in the manner delineated on the plat. *Clary* v. *Kimmell,* 18 Md. 246, 254. The plat is of no assistance to the court in aiding it to identify the lands upon which the trespass was committed as any part of the land described in plaintiff's declaration.

We are of the opinion that there was a fatal variance between the proof and the allegations of the complaint; that the verdict is not supported by the evidence, and that it must be vacated.

The case is remanded to the circuit court with instructions to set aside the judgment, to grant the defendant's motion for a nonsuit, and to enter judgment thereupon for the defendant.

*E. Murphy* for plaintiff in error.

*E. R. Bevins* for defendant in error.