## ALFRED N. HAYSELDEN v. WILLIAM B. LINCOLN AND KEAI LINCOLN.

### No. 1032

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED DECEMBER 17, 1917.          DECIDED DECEMBER 31, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

EJECTMENT—*pleading—proof.*

The plaintiff in ejectment must describe in his complaint the premises which he seeks to recover with certainty and he must prove title to the land so described.

DEEDS—*description of premises conveyed.*

The description of the premises conveyed by a deed must be sufficiently definite and certain to enable the land to be identified, otherwise it will be void for uncertainty.

SAME—*uncertainty in description.*

A deed conveying a number of pieces of property, which de-

scribes one piece of property as "the house lot at Halakaa, Laha-
ina, Territory of Hawaii," without reference to any other deed,
instrument or existing condition capable of ascertainment for the
purpose of identifying such house-lot, is void for uncertainty.

OPINION OF THE COURT BY QUARLES, J.

This is an action in ejectment to recover certain land
described in the complaint as follows:

"A certain house lot and house situated thereon at Ha-
lakaa, Lahaina, in the County of Maui, Territory of Ha-
waii, and situated on the makai side of Main Street lead-
ing to Olowalu from Lahaina  *   *   *  lying between
the lot of A. N. Hayselden on the west and the lot of Mrs.
Annie K. Woolsey on the east, and having a width on
Main Street of about eighty (80) feet and a depth of
about one hundred and twenty (120) feet, and running
along the seashore about eighty (80) feet, and of which
said lot the plaintiff is the owner in fee simple."

The case was tried jury waived.  Considerable hearsay
evidence was admitted, some of it over the objections of
the defendants, and some of it without objection.   The
plaintiff testified that he owned the premises by reason
of a deed from F. W. Beckley to him, which deed bears
date July 26, 1907, and was introduced in evidence.  The
description of the premises as set forth in the complaint
is not contained in the deed and the only reference therein
to any house-lot or lots is the following:  "One-half of
the Iliaina of Puunauiki situate at Lahaina, being mahele
award No. 31, including the house-lot on the beach" and
"all that parcel of land (house-lot) situate at Polanui,
said Lahaina, described in Royal Patent No. 1191."   The
only attempt to identify the premises described in the
complaint as either of the house-lots named in the said
deed was by the plaintiff who, while a witness in his own
behalf, referring to the deed from Beckley to himself,
said:   "The house lot in question is included in that
description 'including the house-lot on the beach,'" and

a statement by Mrs. Nakuina, while testifying, that the lot occupied by the defendants "is at Halakaa and Puunau." The deed from Beckley to plaintiff, relied on to show title to the premises in dispute, is not sufficient evidence of itself to prove title in the plaintiff. Neither the original nor a certified or other copy of Award No. 31 or of Royal Patent No. 1191 was introduced or offered in evidence. The statement of the plaintiff that "The house lot in question is included in that description 'including the house-lot on the beach,'" would seem to be a mere conclusion of the witness, or perhaps his interpretation of the deed, and in the absence of extrinsic evidence identifying the property in dispute as one of the house-lots mentioned in the said deed we are unable to hold that there is more than a scintilla of evidence, as defined in *Holstein* v. *Benedict,* 22 Haw. 441, that the plaintiff has title to the premises described in his complaint. Plaintiff also introduced in evidence certified copies of two deeds, one from Kamaipuupaa to Frederick W. Beckley, father of plaintiff's grantor, and one from Emma M. Nakuina to plaintiff's grantor. The only reference in either of these last named deeds to any house-lot, appearing from an inspection thereof, is as follows: In the deed from Kamaipuupaa to Frederick W. Beckley is the following: "3rd. Also the House Lot at Halakaa, in Lahaina, Maui." And in the deed from Mrs. Nakuina to plaintiff's grantor, after the attestation clause, we find the following: "And it is further included in this deed that certain house lot at Halakaa, in said Lahaina, Island of Maui aforesaid."

At the close of the plaintiff's case the defendants moved for a nonsuit, among other reasons on grounds stated by counsel as follows: "We ask for a nonsuit on the ground that there is a variance between the proof and the pleadings—the proof being a matter of record being by deed failing to show that the plaintiff has acquired any interest

whatsoever in the land in question.    *    *    *    And further on the ground that the evidence in this case, the deed from Frederick W. Beckley to plaintiff in this case does not describe the land in question in this case but other and different land." The court denied this motion, whereupon the defense rested, without introducing any evidence, and moved for judgment, which motion the court also denied and rendered judgment as prayed for in favor of the plaintiff.

The case comes here on writ of error, the defendants assigning eight errors, but they have waived all of them except those specified as to the denial of their motion for a nonsuit, the denial of their motion for judgment, and to the judgment in favor of the plaintiff.

Whether the house-lot in question is described or mentioned in Award No. 31 or in Royal Patent No. 1191 is to be determined from one or the other of those instruments, as the case may be, and not from plaintiff's interpretation of the deed from Beckley to himself. It is a well settled rule that descriptions of land in a deed must be reasonably certain, either by express language contained therein or by reference therein to some other deed or instrument or existing conditions capable of ascertainment. If plaintiff's deed referred to the premises in question as the house-lot described in Award 31, still plaintiff would not be entitled to judgment under the evidence in this case. It may be that the house-lot on the beach is a part of Mahele Award 31, but it is not so described in the complaint nor in the deed from Beckley to the plaintiff. Some ambiguities in a deed may be cleared away by extrinsic evidence. In *Kaleleonalani* v. *Smith,* 4 Haw. 82, an ejectment case, the description in the will under which the plaintiff claimed is "the premises at Waikiki, Oahu, known as my marine residence." The court admitted evidence to show that the testator's "marine resi-

dence" comprised a tract of several acres.   Suppose the evidence showed that the testator owned two marine residences at Waikiki and stopped there, the devise would probably have failed by reason of uncertainty.   Here the description, "house lot on the beach," is general, is not by name, and there is no evidence showing how many "house lots on the beach" plaintiff's grantors—immediate, intermediate, or remote—owned.   So far as the evidence in this case shows the immediate, intermediate or remote grantors of plaintiff may have had a number of "houselots on the beach" at Lahaina, or may have had none.   How many house-lots there are at Halakaa, in Lahaina, is not shown by the evidence in this case.   The statement of the witness, Mrs. Nakuina, that the premises in question are at Halakaa and Puunau makes the exact location of the premises in dispute uncertain.   This lot cannot be at two places.   Part of it may be at Halakaa and part of it may be at Puunau, but how much of it or what part of it is at either place is not shown by the evidence.   Testimony that the lot in question is at Halakaa would not be sufficient in the absence of evidence identifying the premises as the house-lot mentioned in the deed to plaintiff from Beckley.   The plaintiff, relying upon the deed from Beckley to him to prove title to the premises in controversy, should have shown that said deed conveyed to him the premises in dispute.   If Beckley, plaintiff's grantor, owned the premises described in plaintiff's complaint, that would not help the plaintiff here unless Beckley conveyed them to the plaintiff.   The plaintiff in ejectment must describe in his complaint the premises which he seeks to recover with certainty (*Leialoha* v. *Mahiai,* 23 Haw. 711), and he must prove title to the land described in his complaint. Relying upon a title of record the plaintiff must prove that he has such title (*Mendes* v. *De Cova,* 22 Haw. 636). The deed from Mrs. Nakuina, containing the general

description above quoted, and the deed from Kamaipuu-
paa to Frederick W. Beckley are too general to identify
any house-lot. Mr. Devlin in his work on Deeds (2d ed.)
Vol. 2, Sec. 1010, says: "The description of the premises
conveyed must be sufficiently definite and certain to en-
able the land to be identified; otherwise it will be void
for uncertainty." See also to the same effect *Howard* v.
*North,* 51 Am. Dec. 769, 782; *Wofford* v. *McKinna,* 76
Am. Dec. 53; *Lumbard* v. *Aldrich,* 28 Am. Dec. 381, 8 N.
H. 31; *Freed* v. *Brown,* 41 Ark. 495; *Campbell* v. *John-
son,* 44 Mo. 247; *Gatewood* v. *House,* 65 Mo. 663; *George*
v. *Bates,* 90 Va. 839; *Williams* v. *Ry. Co.,* 50 Wis. 71.
Where a general description of property in a deed is so
indefinite that the land therein cannot be identified other
instruments not referred to in the deed are not admissible
for the purpose of clearing away the uncertainty. *Cunha*
v. *Gallery,* 18 L. R. A. N. S. 616. The words "the house-lot
on the beach" could not in any event convey any house-lot
not included in Award No. 31. *Cummings* v. *Browne,*
61 Ia. 385. In *Ray* v. *Card,* 21 R. I. 362, 43 Atl. 846, the
description in the contract of sale was "that lot." This
was held to be no description and the contract void under
the statute of frauds. In *Boardman* v. *Reed,* 6 Pet. 327, the
court at page 344 said: "But if the land granted be so
inaccurately described as to render its identity wholly
uncertain, it is admitted, that the grant is void." The
only reference in the description in plaintiff's complaint
to anything contained in either of the deeds introduced in
evidence, and especially to the deed from Beckley to plain-
tiff, is to "a certain house lot  *  *  *  at Halakaa,
Lahaina." There is no reference in the complaint to the
iliaina of Puunauiki or to Mahele Award No. 31. If the
premises sought to be recovered were proven by the evi-
dence to be a portion of said iliaina and described in Ma-
hele Award No. 31 as a part of such iliaina such evidence

would not correspond with the allegations in the complaint in so far as determining the identity of the premises in question. The allegations in the complaint describing this house-lot as between two other house-lots and as being at Halakaa would indicate that there are more than one house-lot on the beach at Halakaa. If Mahele Award No. 31, referred to in the deed to the plaintiff describes "the house lot on the beach" with sufficient certainty, that fact might be regarded as sufficient to remove the ambiguity in plaintiff's deed. He would then fail for the reason that the descriptions in the other two deeds do not, by direction or indirection, inferentially or otherwise, refer to the house-lot at Halakaa as being described in said Mahele Award No. 31. Owing to the uncertainty of the description of the house-lot at Halakaa contained in the deed from Mrs. Nakuina and in the deed from Kamaipuupaa those deeds are void for uncertainty of description so far as "the house lot at Halakaa" is concerned. The evidence is not sufficient to establish the allegations of the complaint and the motion for nonsuit should have been granted. It therefore follows that the judgment was erroneous.

The judgment is reversed and the cause remanded with instructions to the circuit court to grant the defendants' motion for nonsuit.

*Eugene Murphy* (*D. H. Case* with him on the brief) for plaintiffs in error.

*E. R. Bevins* for defendant in error.