## MORTON REALTY COMPANY *v.* MOLDER.

ATKINSON, J. 1. In an action of complaint for land the petition should "plainly, fully, and distinctly" set forth plaintiff's "charge, ground of complaint and demand." Civil Code (1910), § 5538. Any "special defects or omissions in the petition may always be taken advantage of by demurrer; and unless cured by amendment, the petition shall be dismissed." § 5631.

2. A demurrer to a petition in an action of complaint for land, which states that "No sufficient description of the real estate sued for is set up in the plaintiff's petition," and that the "petition does not specifically show that the land sued for is any portion of the land set up in paragraph one of the plaintiff's petition," is a special demurrer. *Hunter* v. *Bowen*, 137 *Ga.* 258 (73 S. E. 380).

3. It is essential to the maintenance of an action for the recovery of land that the premises sued for be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment, and describing the premises as laid in the petition, shall so identify the premises sued for that the sheriff in the execution of the writ can deliver the possession in accordance with its mandate. *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886), and cit.; *Scoville* v. *Lamar*, 149 *Ga.* 333 (100 S. E. 96); *Jones* v. *Harris*, 151 *Ga.* 129 (106 S. E. 555); *Hunter* v. *Bowen*, supra.

4. The description of land sought to be recovered must be gathered from the petition as a whole. In this case which is an action of complaint for land the petition alleged: "Your petitioner is the owner of and has title to a tract of land lying in said county, described as follows: ' a certain tract or parcel of land, lying and being in the City of Columbus, County and State aforesaid, and known by the following plan and description, to wit: fronting on the northeast in an angle on Warren Street, containing 32 feet 8 inches; running back west on the northern line 147 feet 10 inches, and the southern line running back west from Warren Street 132 feet; the western line running north and south 30 feet.' On said tract is located a two-story frame storehouse. . . That petitioner has the right of possession to all of said tract or parcel of land; yet defendant is in possession of a strip 2 feet 4 inches wide off the north side of said tract. Said strip runs the full depth of petitioner's lot, which is 147 feet 10 inches. That said defendant has been in possession of said strip of land and has been enjoying the rents and profits of said land for its own use since September 8, 1919. . . That petitioner, prior to September 8, 1919, was in public, continuous, exclusive, peaceful, and notorious possession of all of the above-described tract, including said strip of land, under a claim of right, from the first of May, 1912. . . Petitioner further alleges that on September 8, 1919, at the time when the defendant was taking possession of the above-described strip of land by building a brick wall on same, underneath

Appeal and Error, 4 C. J. p. 649, n. 36; p. 650, n. 37.

Ejectment, 19 C. J. p. 1106, n. 63; p. 1107, n. 74; p. 1108, n. 84; p. 1128, n. 54.

Pleading, 31 Cyc. p. 83, n. 16; p. 271, n. 13.

the eaves and roof of her said building, she gave written notice to the defendant that she claimed, by right of her deeds and by right of possession, the above-described strip of land on which defendant was building said wall, and notified the defendant that if it continued to build the brick wall as it had begun that it would do so at its own risk. A copy of the written notice given by petitioner to defendant is hereto attached, marked Exhibit 'A,' and' made a part of this petition." The notice referred to as Exhibit "A" was a letter signed by the petitioner, addressed to the defendant, stating: "This is to notify you that you are trespassing on my property, known as the old Rumsey place fronting on Warren Street. This property I claim by right of my deeds and by right of possession. The old Rumsey Building, including the roof and its eaves, the plumbing, the walls, the foundation, and every part of said building, are within the limitations' of my property. You will take due notice and govern yourself accordingly; if you continue the brick wall as started, you do so at your own risk." In other paragraphs of the petition allegations were made showing the chain of' conveyances and possession "of the above-described tract of land," giving the names of the several grantors and grantees and the dates of their respective possessions. The prayers were (1) For process. (2) "That the title to said strip of land be decreed to be in her, and that it be decreed that she has the right of possession to said strip of land, and that the court issue its writ of possession restoring to her the possession of said described strip of land now appropriated by the defendant, . ." (3) For judgment for a stated amount as mesne profits. *Held:*

(*a*) Under a proper construction the second prayer of the petition seeks to recover the strip of land "2 feet 4 inches wide off the north side of said tract," which runs "the full depth of petitioner's lot, which is 147 feet 10 inches."

(*b*) The allegations that petitioner was owner of "a certain tract or parcel of land, lying and being in the City of Columbus, County and State aforesaid, and known by the following plan and description, to wit: fronting on the northeast in an angle on Warren Street, containing 32 feet 8 inches; running back west on the northern line 147 feet 10 inches, and the southern line running back west from Warren Street 132 feet; the western line running north and south 30 feet," on which was situated "a two-story frame storehouse," the "old Rumsey building;" and that "defendant is in possession of a strip 2 feet 4 inches wide off the north side of said tract. Said strip runs the full depth of petitioner's lot, which is 147 feet 10 inches," and that on September 8, 1919, defendant took possession of said "strip of land by building a brick wall on same, underneath the eaves and roof of her said building," means that the line of the strip "147 feet 10 inches" is the same as the north line of the entire tract, the length of which is "147 feet 10 inches."

(*c*) If the location of said common north line were definitely stated, the location of the strip could be ascertained by extending it uniformly south from the said north line for a distance of two feet and four inches. In that event the officer executing the writ would be able from the description given to deliver possession to the plaintiff.

(*d*) In the absence of definite statement as to location of the said north line, the allegations as a whole are insufficient to identify the location of the strip as required to be alleged in a petition in an action for land. The suit is for a strip of land of stated dimensions; not for a brick wall. The statement that the brick wall was builded on the strip is not an allegation that the lines of the brick wall coincide with the lines of the strip.

(*e*) The location of the north line is not definitely stated directly or inferentially in the petition. The locality in which the land is situated is indicated by the allegations that it fronts Warren Street in the City of Columbus in the County of Muscogee and State of Georgia, and that on the entire lot is a two-story frame building, being the "old Rumsey building;" but without a definite starting point on Warren Street from which to measure, this does not define the location of the said north line. There was no allegation of a definite starting point.

(*f*) It follows from close analysis of all the allegations of the petition that the strip of land that was sued for was not sufficiently described, and that the special demurrer complaining of that defect in the petition should have been sustained.

5. The error in overruling the demurrer to the petition rendered all further proceedings nugatory, and it becomes unnecessary to deal with other assignments of error.

6. A judgment was rendered by this court reversing the trial court for refusing to sustain the demurrer referred to above; and on motion for a rehearing the opinion delivered by this court has been withdrawn and the foregoing substituted in its place. The court adheres to the judgment heretofore rendered.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., and HINES, J., dissenting. In view of all the allegations of the petition, we are of the opinion that the description of the premises in dispute is sufficient, and that the petition should not be dismissed upon demurrer for lack of sufficient description of these premises.

No. 5618. SEPTEMBER 8, 1927.

ADHERED TO ON REHEARING, SEPTEMBER 29, 1927.

Complaint for land. Before Judge McLaughlin. Muscogee superior court. July 29, 1926.

*F. U. Garrard, H. B. Pease,* and *McCutchen, Bowden & Gaggstatter,* for plaintiff in error.

*Hatcher & Hatcher,* contra.