## MAX C. W. PETER *v.* CITY AND COUNTY OF HONOLULU.

### No. 2403.

SUBMITTED JULY 8, 1939.  DECIDED OCTOBER 6, 1939.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

This is an action in ejectment by Max C. W. Peter against the City and County of Honolulu. On November 9, 1937, the plaintiff filed his complaint alleging that the defendant has "unjustly and contrary to the rights of the plaintiff, taken into its possession and converted to its own use and occupation, and now possesses and occupies a right-of-way over and across the property of the plaintiff, more particularly described as follows: All of those certain pieces or parcels of land situated at Waikiki, Honolulu aforesaid, and being Lots Numbered One (1) and Two (2) of Land Court Application No. 525, and being all of the land described in Transfer Certificate of Title No. 5246 issued to P. E. R. Strauch, Limited, and Lot Numbered Twenty-Six (26) of Land Court Application No. 625, and being all of the land described in Transfer Certificate of Title No. 4437 issued to P. E. R. Strauch, Limited, and conveyed to the plaintiff herein and containing an area of 13,892 square feet. Of which land and premises the plaintiff is the owner in fee simple." The plaintiff further alleged his damages in the sum of $10,000 and prayed for restitution of the property and $10,000 damages, together with his costs.

To the foregoing complaint the defendant demurred on the following grounds: "1. That the said Complaint

heretofore filed herein does not contain or state facts sufficient to constitute a cause of action against the defendant. 2. That the said Complaint fails to show with reasonable certainty the character or location of the 'right-of-way' which the defendant is charged with allegedly possessing or occupying contrary to the rights of the plaintiff."

The demurrer was overruled and the defendant excepted. The defendant answered by general denial. After trial but before submission to the jury the defendant moved for a nonsuit, which was denied. The jury returned a verdict for the plaintiff, awarding him damages in the sum of $6500. The defendant filed a motion for new trial, which was also overruled. The case is here on the defendant's bill of exceptions.

In view of our conclusion that the motion for nonsuit should have been granted, it will be unnecessary to discuss all of the questions raised by the exceptions or to detail all that took place during the trial. The demurrer attacked the sufficiency of the complaint on the ground that the right of way which the defendant is alleged to have taken into its possession and to be occupying is not described in the complaint but the exception taken to the overruling to the demurrer has not been incorporated in the bill of exceptions and cannot therefore be considered.

At the trial the plaintiff proved title to a tract of land consisting of the three lots mentioned in his complaint by two land court certificates of title, the combined area of said three lots being 15,222 square feet instead of 13,892 square feet, as alleged in the complaint. He then proved that he himself was in the undisturbed possession of the major portion of said land but that the City and County of Honolulu had laid and was maintaining a sewer line some six and one-half feet under a portion of said land; that said sewer is encased in a concrete

jacket fourteen inches square but there is no description and no attempt to describe with any accuracy what portion of plaintiff's land the sewer occupies or underlies. He did say that he traced the course of the sewer and that it occupied a portion of his land, the whole sidewalk area and a portion of Ohua avenue, the area occupied being approximately 1500 square feet.

Defendant's motion for a nonsuit was based on the following grounds: "First, that the plaintiff in his Complaint and in his proof has failed to describe the right-of-way with sufficient certainty, has failed to identify the same, and that, secondly, the plaintiff in his pleadings and in his proof has only shown a continuing trespass and has failed to state a case for ejectment, and therefore ejectment is the improper action." Upon the denial of the motion for a nonsuit defendant excepted and said exception is incorporated in the bill of exceptions.

The rule as heretofore announced by this court in *Leialoha* v. *Mahiai*, 23 Haw. 711, and approved in *Hayselden* v. *Lincoln*, 24 Haw. 169, is to the effect that where plaintiff in his complaint brings an action to recover the possession of a large tract of land and by his proof shows that the defendant is in possession of only a small portion of said tract, the defendant's motion for a nonsuit was properly sustained. In summing up its reasons the court, in *Leialoha* v. *Mahiai*, *supra*, p. 713, said: "The root of plaintiff's difficulty lay largely in the uncertainty and inadequacy of the description in the complaint of the land actually in controversy. The general rule is that a declaration in ejectment should describe the land sought to be recovered with such certainty that it can be identified with the description given so that in the event of a recovery the officer executing the writ of possession will know what land the plaintiff is entitled to receive. 15 Cyc. 92. And the proofs should show that the land of which

the defendant is in possession is the land described in the complaint. id. 116. Whether the complaint in this case could support a valid judgment for the plaintiff is a question which has not been discussed, but we have no doubt that the nonsuit was properly granted." (See also *Clark* v. *Knowles*, 129 Ga. 291, 58 S. E. 841; *Morton Realty Company* v. *Molder*, 164 Ga. 774, 139 S. E. 543; *Smith* v. *Price*, 7 S. W. 918, 19 C. J. 1109, 18 Am. Jur. § 82, p. 72.)

We might well have treated the second ground of the motion for a nonsuit as having been abandoned for the failure of the defendant to argue it but in view of the fact that the sustaining of the exception on the first ground will have the effect of remanding the cause for further proceedings, the second ground should be disposed of for the guidance of the parties in the court below.

It is well-established by the authorities that ejectment will not lie for the recovery of an incorporeal hereditament. The general rule is stated in 18 Am. Jur. § 8, p. 13, as follows: "Ejectment will not lie for anything for which entry cannot be made or of which the sheriff cannot deliver possession on execution. In fact, the estate or interest sought to be recovered by an action of ejectment must be of a tangible or visible character. Thus, as a rule, the property sued for must be a corporeal hereditament; the action is not ordinarily maintainable for the recovery of an incorporeal hereditament, which is incapable of physical delivery, such as an easement or servitude, a franchise, or a mere license, privilege, or right of use. Ordinarily, the proper remedy of one who is being deprived of the possession and exercise of incorporeal rights is in equity. But when the property sued for is capable of physical delivery, it has been held to be no objection that it may be an incorporeal hereditament." (See also Washburn's Easements and Servitudes [2d ed.], p. 663, n. 3, and cases cited; *San Francisco* v. *Grote*, 120 Cal.

59, 52 Pac. 127; *Fresno etc. Co.* v. *Southern Pac. etc. Co.*, 135 Cal. 202, 67 Pac. 773; *The City of Racine* v. *Crotsenberg*, 61 Wis. 481, 21 N. W. 520; *Fritsche* v. *Fritsche*, 77 Wis. 270, 45 N. W. 1089.)

The plaintiff in his complaint merely alleges that the property, repossession of which is sought, is a "right-of-way." If there be attributed to that term its ordinarily accepted meaning, without more, it was a mere easement, an incorporeal hereditament, and not the subject of an action of ejectment. It developed, however, upon the trial, as heretofore explained, that the right of way, repossession of which was sought, was occupied by a concrete-encased sewer pipe running at an approximate uniform depth of six and one-half feet below ground level, under and through the lands of the plaintiff. The question of the propriety of the remedy employed is before this court for review, not upon an exception to the overruling of a demurrer to the complaint but upon an exception to the order denying defendant's motion for a nonsuit. Under that state of the record it is legitimate to assume that the right of way referred to in the complaint is the same as that developed upon the evidence and the real question involved is whether ejectment lies for the restitution of a right of way occupied by a physical structure. The answer must be in the affirmative. The city and county by its sewer line has ousted the plaintiff from the possession of his property to the extent that the sewer line occupies the same. The plaintiff has alleged and his unexplained evidence indicates that the possession of the city and county is unlawful. There is no difference in principle between ouster by the placing of a sewer line upon the surface of another's land and its construction below the ground level. The mere fact that the structure sought to be removed is below the surface of the ground is no reason why ejectment is not the proper remedy.

Plaintiff is entitled to the unrestricted possession of the premises of which he holds the fee. For the restitution of that part of his premises from which he has been unlawfully ousted ejectment is the proper remedy.

It was thought after submission that the statutory power of eminent domain possessed by the City and County of Honolulu might affect the question of the remedy involved and counsel were invited to present their views upon the subject in the light of the opinion of the court in the case of *Doty* v. *Am. Tel. & Tel.*, 123 Tenn. 329, 130 S. W. 1053. Upon mature reflection it would appear that said case is not in point and the power of eminent domain reposed in the city and county does not prevent plaintiff from resorting to ejectment as the appropriate remedy under the circumstances.

The exception to the order denying the defendant's motion for a nonsuit is sustained and the cause remanded for further proceedings consistent with the views herein expressed.

*J. R. Desha* and *S. C. Doo*, Deputy City and County Attorneys for the City and County.

*C. B. Dwight* for plaintiff.