JOHN A. HOOPALE *v*. TATSUNO YAMANAKA (w).

No. 2501.

SUBMITTED DECEMBER 18, 1942.          DECIDED APRIL 26, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action of ejectment in respect to a parcel of land described in the amended complaint as "that certain piece and parcel of land, situated at Koai, Holualoa 3, lying mauka and adjoining the new Kailua-Keauhou Government Beach Road, District of North Kona, Island, County and Territory of Hawaii, the same being a portion of Land Patent Grant 1856 to Kawaihoa, and containing an area of 1 acre more or less." However, the amended complaint sets out the claim of ownership and title in the plaintiff as follows: "by purchase from one Hoopale (k), recorded in Liber 505, pages 89-90, said Hoopale (k), being one of the five (5) grantees of H. N. Kahulu, which transaction is recorded in Liber 122, page 414, the said Kahulu being the grantee of Kahua (w), which transaction is recorded in Liber 86, pages 298-300, the said Kahua (w), being the only daughter and surviving heir at law of Kamalo (k), one of the four children of Kawaihoa (k) the patentee of Grant 1856; the said John A. Hoopale, plaintiff herein, though having sold a portion of the land conveyed to him by the said Hoopale (k) aforesaid to one Yoshimatsu Kimura, by deed dated, January 26, 1920, and recorded in Liber 529, pages 428-430, but reserving therefrom for himself one (1) acre, known as the 'Hoopale Homestead Lot', being the premises now in controversy."

It should be noted that all the deeds, listed in the foregoing claim of title, deal with the thirty-two acre land patent grant number 1856 as one piece of land, and do not refer to any portion thereof except that the last deed re-

serves to the plaintiff "that certain house-lot at the Beach, known as 'Hoopale Homestead', being a portion of Grant Number 1856, containing an area of one acre, more or less, which said house-lot is fenced from the surrounding part of said land." In that the land described in such reservation is alleged in the amended complaint to be the premises now in controversy, the allegation that the land is known as the "Hoopale Homestead Lot" will be taken for the purposes of this opinion to be a part of the description contained in the amended complaint. (See *Morton Realty Co.* v. *Molder*, 164 Ga. 774, 139 S. E. 543.)

In a trial, jury waived, the plaintiff presented his case and rested. Thereupon counsel for the defendant moved for a nonsuit. After argument, counsel for the plaintiff moved for leave to file a survey. The trial judge denied the latter motion and granted a nonsuit. To both rulings plaintiff excepted.

The lower court granted the nonsuit upon all the grounds of the motion. One presents the question of the sufficiency of the description in the amended complaint of the land for which this action is brought. While the requirement of section 4043 of the Revised Laws of Hawaii 1935 that such a description be set forth by metes and bounds is purely directory, the general rule in this Territory is that a declaration in ejectment should describe the land sought to be recovered with such certainty that it can be identified by the description given so that in the event of recovery the officer executing the writ of possession will know with equal certainty what land the plaintiff is entitled to receive. (*Leialoha* v. *Mahiai*, 23 Haw. 711; *Hayselden* v. *Lincoln*, 24 Haw. 169; *Peter* v. *City and County*, 35 Haw. 225.) This rule is consistent with the one found in *Ex parte Craig*, 8 So. (2d) 441, 442, that in order "To support the judgment it is necessary the description be of such a character that the sheriff, unaided

by that kind of evidence aliunde, calling for his conclusion or discretion in the nature of a judicial act, can locate the land, with the help of such existing things as recorded instruments, maps, monuments, and other objects which may be located by the data furnished by the description itself." (See *Hughes* v. *Allen et al.*, 229 Ala. 467, 158 So. 307, 308; *Klepac* v. *Fendley*, 222 Ala. 417, 132 So. 619.)

Applying this test to the present case, the sheriff, executing a writ of possession in the event a judgment had been rendered for the plaintiff, would have been able, no doubt, to locate the whole of land patent grant number 1856 as it may adjoin the mauka side of the new Kailua-Keauhou Government Beach Road at Koai, Holualoa 3, district of North Kona, island, county and Territory of Hawaii, but from the meagre description alleged it obviously would have been impossible for him to know the extent and the definite location of the portion's boundary along the government road as well as the direction and extent of the other boundary lines within the grant. Without the aid of extrinsic evidence, the data that the portion is known as the "Hoopale Homestead Lot" would be of no assistance to the sheriff. Before such allegation could be of any appreciable use in the identification of the land sought to be recovered, it would be necessary for the sheriff to take testimony and pass upon its effect. Consequently, it is clear that the amended complaint as it stood at the close of the plaintiff's case did not describe the portion with sufficient certainty to have supported a judgment for its recovery.

However, the policy of the law should be at all times to give parties full opportunity to plead their causes of action, if any they have, and not to turn them out of court for technical errors, especially those relating to form or manner of pleading. The insufficient description found in the amended complaint was an inadequacy in the for-

mula of the plaintiff's pleadings. Although it was a defect which would not have been cured by a verdict or judgment, it nevertheless was one which could have been obviated by subsequent proceedings at any time during the trial had the proof warranted such a course. In that the defendant did not demur to the amended complaint, but proceeded to trial on the merits without objecting to the admission of evidence in support of the allegations thereof, our attention will be directed to the proof and the remaining grounds of the nonsuit, pertaining, as they do, to the evidence.

The motion for a nonsuit, here being in the nature of a demurrer to the evidence, admits not only all that the evidence proves, but all that it tends to prove. The evidence given for the plaintiff must therefore be taken to be true, together with every inference of fact which a jury might legally draw from it. With this in mind, we find that the proof describes the land in controversy more fully than does the amended complaint. The evidence furnished the additional information that such land is also known as "Hoopale Homestead" and is a "house-lot at the Beach * * * fenced from the surrounding part of said land" by a "stone wall."

The evidence that the land is also known as Hoopale homestead varies slightly from the allegation in the amended complaint that it is known as the Hoopale homestead lot. Both employ similar appellations and what has been said regarding the allegation applies with equal force to the evidence.

The proof that the land is a house lot at the beach fenced with a stone wall from the remaining part of the grant might be of some assistance in locating it if the evidence had established that it was the *only* house lot of the grant at the beach on the mauka side of the government road so fenced. The evidence, however, does not tend to

establish such a situation. It does not eliminate the uncertainty of the possible existence of other house lots similarly situated and enclosed, thus rendering the house lot sought to be recovered indistinguishable therefrom. (See *Hayselden* v. *Lincoln, supra.*)

Therefore any description to be gathered from the evidence was too general and not sufficiently definite and certain to identify the land without resort to that other kind of evidence *aliunde,* referred to in *Ex parte Craig, supra.* Consequently, even if the description in the complaint had been made to conform to the proof, it would still remain insufficient to support a judgment. Hence the nonsuit was proper.

The other exception relied upon by plaintiff relates to the denying of his motion to file a survey, made after the close of his case. To predicate error for its denial, there must appear in the record error prejudicial to the plaintiff. The record shows that the plaintiff did not present a survey either for identification as an exhibit or for the court's inspection. It is not clear that he had one to offer and none is before this court. The record further discloses that the plaintiff made no offer of proof concerning the suggested survey. He did not offer to prove that the survey, if and when produced, would have been competent to identify the land in controversy, nor, if so, did he state the purpose for its filing, such as to adduce further evidence as a basis for a motion to amend the complaint to conform to the proof. Under this state of the record, we cannot say that the plaintiff was prejudiced. (See *Yim Fat* v. *Gleason,* 24 Haw. 210.)

If the motion to file a survey may be regarded as a motion to reopen the plaintiff's case, such would be addressed to the sound discretion of the trial court and its action thereon would not be reviewable in this court unless the record plainly shows an abuse of discretion prejudicial

to the plaintiff. There is nothing in the record here from which this court can determine whether the trial court in denying the motion abused its discretion. The plaintiff has therefore not sustained his burden of showing that an abuse of discretion occurred.

For the reasons assigned, the exceptions are overruled and the judgment below is affirmed.

*W. C. Achi* for plaintiff-appellant.

*W. H. Beers* for defendant-appellee.